Curtis DEENER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–05–00703–CR.

Court of Appeals of Texas,
Dallas.

Dec. 4, 2006.

Rehearing Overruled Feb. 14, 2007.

Robert Charles Bunger, Dallas, for Appellant.

Christian T. Souza, Assistant Criminal District Attorney, Kaufman, for State.

Before Justices MORRIS, MOSELEY, and RICHTER.

## OPINION

Opinion by Justice MOSELEY.

The Texas Code of Criminal Procedure generally provides that certificates of analysis of physical evidence and chain of custody affidavits are admissible without the declarant appearing in court if the documents are filed and served on the opponent more than twenty days before trial begins and the opponent does not file a written objection by the tenth day before trial begins. TEX.CODE CRIM. PROC. ANN. arts. 38.41 (certificate of analysis of physical evidence); 38.42 (chain of custody affidavit) (Vernon 2005). The relevant statutes were enacted shortly before the United States Supreme Court's opinion in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In this case, we address whether this statutory procedure violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. Because we conclude it does not, and because we also reject appellant Curtis Deener's other issue on appeal, we affirm.

### BACKGROUND

Kaufman police officer Jeremy Mack stopped Deener for a faulty brake light and arrested him on an outstanding warrant for parole violations. During book-in at the police station, Mack asked Deener to empty his pockets for an inventory search. Deener removed a pack of cigarettes from his pocket and placed it on the table. Mack testified he looked inside the pack and found an off-white rock-like substance he believed to be crack cocaine. Deener was charged with illegal possession of a controlled substance (cocaine) in an amount less than one gram.

Pursuant to articles 38.41 and 38.42 of the code of criminal procedure, the State timely filed and served notices of chain of custody affidavits and of a certificate of analysis relating to the alleged contraband. The chain of custody affidavits traced the custody of the cigarette pack and its contents from when it was retrieved by the police to when it was delivered to the Texas Department of Public Safety (DPS) Garland Crime Lab. The certificate of analysis, signed by an employee of the DPS Crime Lab in Garland, contained the information required by article 38.41, section 3. TEX.CODE CRIM. PROC. ANN. art. 38.41, § 3. It stated that the substance weighed 0.07 grams and contained cocaine. Deener did not file a written objection to the affidavits or the certificate of analysis. *See id.* arts. 38.41, § 4; 38.42, § 4 (certificate or affidavit not admissible if opponent files written objection not later than tenth day before trial begins).

Deener's first trial began February 28, 2005. During this trial the chain of custody affidavits and certificate of analysis were admitted without objection. The jury, however, was unable to reach a verdict, and the trial court declared a mistrial.

At the second trial two weeks later, Mack was again the only witness for the State. However, when the State again offered the chain of custody affidavits and the certificate of analysis, Deener objected to the documents as hearsay and as violations of his Sixth Amendment right of confrontation, as those rights were described in *Crawford*. The trial court overruled the objections and admitted the documents. Mack read the results of the certificate of analysis to the jury and stated the results corroborated his belief that the substance was cocaine.

Deener testified the substance at issue was not his and must have been planted by police. He stated that after he placed the cigarette pack on the table, Mack twice left the room. The second time Mack returned, he was holding something in his hand and said it was cocaine he found in the cigarette pack. Deener told Mack that was not true because the cigarette pack had been on the table the entire time.

The jury convicted Deener at the second trial. Deener pled true to two enhancement paragraphs. The jury found the enhancement paragraphs true and assessed Deener's punishment at fourteen years' imprisonment.

## DISCUSSION

### A. Confrontation Clause

■■■■ The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee is applicable in both federal and state prosecutions, *Pointer v. Texas*, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and bars the admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine him. *Crawford*, 541 U.S. at 59, 124 S.Ct. 1354.

In his first issue, Deener argues that *Crawford*, which was decided some six months after the legislature enacted articles 38.41 and 38.42, makes clear that procedures set forth in those statutes violate the Confrontation Clause set forth in the Sixth Amendment to the United States Constitution. Deener does not argue the State failed to comply with the statutory procedures. Moreover, we note Deener does not argue that he, in fact, timely objected to the State's use of the documents in the time and manner prescribed by the statutes or that articles 38.41 and

38.42 place an unreasonable burden on his ability to exercise his rights under the Confrontation Clause.

Deener argues that admitting the documents pursuant to articles 38.41 and 38.42 violated the Sixth Amendment and *Crawford* because the statutes do not require the showings mandated by *Crawford* and the Sixth Amendment—unavailability of the witnesses and that the defendant had a prior opportunity to cross-examine them. Further, Deener argues that the State failed to make these showings at trial. The State does not dispute these points; the statutes clearly do not require the showings mandated by *Crawford* and the Sixth Amendment, and the State did not show the witnesses were unavailable and that Deener had a prior opportunity to cross-examine them. Instead, the State makes two arguments.

First, the State asserts the Sixth Amendment (and thus *Crawford*) does not apply because the chain of custody affidavits and the certificate of analysis are not "testimonial" in nature. The State argues that *Crawford* allows lower courts to define "testimonial" according to circumstances that could not be anticipated by the Court in *Crawford*, and that articles 38.41 and 38.42 effectuate the right to confront witnesses because the statutory scheme provides "a means to force the State to prove the pertinent issues by live testimony or not at all."

■ We recognize *Crawford* declined to provide a comprehensive definition of "testimonial." However, it noted three formulations of "core" testimonial evidence: (1) "ex parte in-court testimony or its functional equivalent," such as affidavits, custodial examinations, prior testimony not subject to cross-examination, or "similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; (2) "extrajudicial statements" of the same nature "contained in formalized testimonial materials"; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford,* 541 U.S. at 51–52, 124 S.Ct. 1354; *see Wall v. State,* 184 S.W.3d 730, 736 (Tex.Crim.App.2006). We conclude the affidavits and certificate at issue fall squarely within all three of these categories and are thus "testimonial" within the meaning of the analysis set forth in *Crawford.*

The State's second argument is that, even if the chain of custody affidavits and certificate of analysis are testimonial in nature, Deener forfeited his right of confrontation regarding them when he failed to file a written objection to their use not later than the tenth day before his trial began. *See* TEX.CODE CRIM. PROC. ANN. arts. 38.41, § 4; 38.42, § 4. The record shows the affidavits and certificate were filed more than twenty days before the first trial began and were still on file when the second trial began. Further, it is undisputed that Deener never—before the first or the second trial—filed written objections to the use of the documents as required by the statutes.

Deener's position is that articles 38.41 and 38.42, enacted prior to the *Crawford* decision, cannot "trump the Constitution of the United States." He asserts that under the classification used in *Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993),[1] confrontation rights are "waivable-only" rights; thus he argues a defendant cannot waive his right to confront witnesses unless he does so expressly on the record.

---

**1.** *Overruled in part on other grounds by Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App. 1997) *and by Matchett v. State,* 941 S.W.2d 922, 928 (Tex.Crim.App.1996).

He contends his failure to object to the affidavits and certificate before trial—pursuant to the statutes—was not an express waiver of his right of confrontation.

It is axiomatic that a statute cannot contravene the United States Constitution. However, we disagree that Deener's rights under the Confrontation Clause are "waivable only," and thus not subject to the requirement that he object in order to protect them.

■■■ *Marin* did not involve the right of confrontation; but it was a watershed decision in the law of preservation of error. *Saldano v. State,* 70 S.W.3d 873, 888 (Tex. Crim.App.2002). It recognized three types of rights in our system and different means of preserving those rights. *Marin,* 851 S.W.2d at 279. "Systemic (or absolute) requirements," such as jurisdiction of the person and subject matter, are laws the system must implement even if the parties wish otherwise. *Mendez v. State,* 138 S.W.3d 334, 340–41 (Tex.Crim.App. 2004). Waivable-only rights are those rights that must be recognized unless affirmatively waived on the record. *Id.* They include the right to assistance of counsel and to a jury trial. *See Aldrich v. State,* 104 S.W.3d 890, 895 (Tex.Crim.App.2003). Errors regarding systemic requirements or waivable-only rights may be raised for the first time on appeal. *Mendez,* 138 S.W.3d at 342.

■ Most rights, however, fall into the third category—forfeitable rights. These are typical evidentiary and procedural rules that are implemented only if requested. *See id.,* at 340–41; *Marin,* 851 S.W.2d at 278. They must be preserved by a timely and specific objection in the trial court or they are forfeited. Tex.R.App. P. 33.1(a); *Mendez,* 138 S.W.3d at 341–42.

Deener does not cite any authority for the proposition that the right of confronta-tion is a waivable-only right. Most rights, even constitutional rights, are forfeited if not asserted:

> All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong. Many constitutional rights fall into this category. When we say "that even constitutional guarantees can be waived by failure to object properly at trial," we mean that some, not all, constitutional rights may be forfeited.

*Marin,* 851 S.W.2d at 279 (quoting *Gibson v. State,* 516 S.W.2d 406, 409 (Tex.Crim. App.1974)).

■ The State in this case followed the mandated procedure of articles 38.41 and 38.42 solely to have the certificate and affidavits admitted into evidence. Failure to object in a timely and specific manner forfeits complaints about the admissibility of evidence, "even though the error may concern a constitutional right of the defendant." *Saldano,* 70 S.W.3d at 889 (discussing failure to object to evidence violating defendant's rights under Equal Protection Clause).

■ We conclude the right of confrontation is a forfeitable right—not a waivable-only right—and must be preserved by a timely and specific objection at trial. *See* Tex.R.App. P. 33.1. This was clearly the case before *Crawford. See Wright v. State,* 28 S.W.3d 526, 536 (Tex.Crim.App. 2000) (hearsay objection at trial did not preserve error on Confrontation Clause grounds); *Holland v. State,* 802 S.W.2d 696, 700 (Tex.Crim.App.1991). And this remains the case after *Crawford,* as there is "nothing in *Crawford* that would excuse appellant for failing to make a confrontation claim at trial." *Bunton v. State,* 136 S.W.3d 355, 369 (Tex.App.-Austin 2004, pet. ref'd) ("*Crawford* makes clear that the federal constitutional right to confront one's accusers is neither new nor novel.");

*see also Reyna v. State,* 168 S.W.3d 173, 179 (Tex.Crim.App.2005) (stating "objection on hearsay does not preserve error on Confrontation Clause grounds").[2]

■ Here, the certificate of analysis and the chain of custody affidavits were filed well in advance of Deener's second trial. Despite this advance notice that the State intended to rely on these documents at trial, Deener never filed a written objection to their use. Rather, Deener waited until the State offered the affidavits and certificate of analysis at the second trial to object on *Crawford* grounds. Under articles 38.41 and 38.42, Deener's objection was untimely.

We conclude Deener has not shown that articles 38.41 and 38.42 violate his constitutional right to confront the witnesses against him under *Crawford.* Because Deener did not file a written objection to the use of the affidavits and certificate of analysis at least ten days before trial, his objection at trial was not timely and he forfeited his right of confrontation. We resolve Deener's first issue against him.

## B. Jury Instructions

Deener requested a jury instruction that the elements of possession of a controlled substance are "(1) the accused exercised care, control, and management over the contraband; and (2) the accused knew the substance was contraband." He also requested an instruction on the factors used in reviewing the sufficiency of the evidence to affirmatively link the accused to the contraband. *See Castillo v. State,* 867 S.W.2d 817, 820 (Tex.App.-Dallas 1993) (listing factors considered by appellate

court in conducting evidence sufficiency review in possession cases), *rev'd on other grounds,* 913 S.W.2d 529 (Tex.Crim.App. 1995). This instruction was refused. In his second issue, Deener argues the trial court erred in refusing his requested jury instructions.

■ Our first duty in analyzing a jury charge issue is to decide whether error exists. *Middleton v. State,* 125 S.W.3d 450, 453 (Tex.Crim.App.2003). If we find error, we apply the appropriate harm analysis depending on whether the error was preserved in the trial court. *See id.; Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985).

■ To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); *see Brown v. State,* 911 S.W.2d 744, 745–47 (Tex.Crim.App.1995) (discussing origin and development of affirmative links rule).

■ The jury was instructed that if it believed from the evidence beyond a reasonable doubt that "on or about March 23, 2003, in Kaufman County, Texas, the defendant, Curtis Deener, did then and there knowingly or intentionally possess a controlled substance, to-wit, cocaine, in an amount of less than one gram," it should find Deener guilty as charged in the indictment. The charge included the statutory definitions of "intentionally" and "knowingly," and defined "possession" as "actual

---

**2.** We also note the Louisiana Supreme Court has concluded a similar statute does not infringe on a defendant's constitutional right of confrontation under *Crawford. See State v. Cunningham,* 903 So.2d 1110, 1121 (La.2005) (statute allowing court to receive certificate of

analysis as prima facie proof if filed before trial and opposing party does not subpoena person performing the analysis at least five days before trial "does not infringe upon defendant's constitutional right to confrontation").

care, custody, control or management. Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *See* Tex. Pen.Code Ann. § 6.03(a), (b) (Vernon 2003); Tex. Health & Safety Code Ann. § 481.002(38) (Vernon Supp.2006).

■ Deener argues the charge failed to apply the law to the facts and failed to "fully inform" the jury of the elements necessary to prove possession. Deener does not explain how his requested instruction is better than the one given by the trial court. A trial court has broad discretion in submitting proper definitions and explanatory phrases to the jury. *Macias v. State*, 959 S.W.2d 332, 336 (Tex. App.-Houston [14th Dist.] 1997, pet. ref'd). Here, the charge given included the elements of the offense and applied the law to the facts. Possession was defined in statutory terms as were the mental states required to commit the offense. We conclude the trial court did not abuse its discretion in rejecting this instruction.

■ Deener also requested an instruction stating that when the defendant is not in exclusive possession of the place where the contraband is found, the evidence must affirmatively link the defendant to the contraband, and listing six factors that, if shown, would link a defendant to the contraband.[3] The trial court rejected this instruction as well.[4]

■ The trial court is required to give the jury a written charge "setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.2006). However, "Texas courts are forbidden from instructing the jury on any presumption or evidentiary sufficiency rule that does not have a statutory basis." *Brown v. State*, 122 S.W.3d 794, 799–800 (Tex.Crim.App.2003). Giving an instruction to the jury on judicial rules for reviewing evidentiary sufficiency "improperly picks out one specific, though entirely logical, inference that could flow from the base facts from all other plausible inferences." *Id.* Instructing the jury on a judicial review device for assessing the sufficiency of the evidence would be an improper comment on the weight of the evidence. *Id.* at 803.

■ The whole of the so-called "affirmative-links" rule is that the evidence, whether direct or circumstantial, must establish the accused's connection with the contraband was more than fortuitous. *See Brown*, 911 S.W.2d at 747. Thus the affirmative-links rule is merely a shorthand expression "to identify what must be prov-

---

3. These factors were taken from *Castillo*, 867 S.W.2d at 820.

4. When the contraband is not found on the defendant's person or it is not in the exclusive possession of the defendant, a review of the sufficiency of the evidence requires additional facts linking the defendant to the contraband. *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.-Dallas 2003, no pet.); *McMillon v. State*, 940 S.W.2d 767, 768–69 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd); *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex.App.-El Paso 1995, pet. ref'd). We note there is evidence in this record that the contraband was found on Deener's person, in a cigarette package removed from Deener's front pant pocket. Thus, the affirmative links analysis would not apply in a sufficiency of the evidence review of this case. Deener does not, however, challenge the legal or factual sufficiency of the evidence to support the jury's findings; thus, we do not review the sufficiency of the evidence in this case.

en in a prosecution for the possession of illegal drugs." *Id.* It is not truly a legal rule:

> [T]he so-called "affirmative links" doctrine never actually acquired any of the characteristics typical of a legal rule. It has no peculiar methodology associated with its use. It does not assign the burden of persuasion in any particular way, prescribe a certain level of confidence, or map out a unique approach which distinguishes it from other rules of law for determining evidentiary sufficiency. It is still, just as it always was, only a shorthand expression of what must be proven to establish that a person possessed some kind of drug "knowingly or intentionally."

*Id.*

Because the affirmative-links rule is only a shorthand expression for evaluating the sufficiency of the evidence, instructing the jury on the affirmative-links rule would be improper. *See Davila v. State,* 749 S.W.2d 611, 614 (Tex.App.-Corpus Christi 1988, pet. ref'd) (affirmative-links rule is a "technical legal standard of review" not meant for use by the jury). We conclude the trial court did not err in rejecting Deener's requested instruction, and we thus resolve Deener's second issue against him.

### CONCLUSION

Because we reject both of Deener's issues, we affirm the trial court's judgment.