In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00049-CR


____________________



DIEDRIK IVAN CAVIL a/k/a DEDRIK IVAN CAVIL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 06-10-10374 CR






 MEMORANDUM OPINION


 A jury found Diedrik Ivan Cavil a/k/a Dedrik Ivan Cavil guilty of possessing a
controlled substance, namely cocaine, found four enhancement paragraphs true, and assessed
punishment at forty-five years of confinement. See Tex. Health & Safety Code Ann. §
481.115(c) (Vernon 2003). In two appellate issues, Cavil contends that he was denied his
confrontation rights and that the trial court erred in giving a law of parties charge. We
affirm.


Background


 While working an extra job guarding copper wire for a communications company,
Officer Eddie Hernandez of the Conroe Police Department observed a white truck parked
among some bushes along a dark section of a dead-end street. Aware of a series of copper
thefts in which a white truck had been involved, Officer Hernandez, who was not in uniform,
pulled up to the scene while still in his personal vehicle.

 Cavil and Angela Mellen (also known as Angela Hasty) were standing at the back of
the truck. Officer Hernandez identified himself as a police officer and then radioed for a
marked police unit to come to the scene. After another officer arrived, Officer Hernandez
spoke with Mellen, who initially claimed that Cavil had attempted to sexually assault her.
Mellen subsequently admitted that she fabricated the sexual assault claim, apparently because
she did not want the police officer to know the real reasons why she was there. At trial,
Officer Hernandez testified that Mellen admitted to police that "she was going to perform
sexual duties for the drugs."

 While Officer Hernandez was speaking with Mellen, a third officer arrived at the
scene and observed what appeared to be a crack rock on the driver's side dashboard of the 
truck. The substance field tested positive for cocaine. During a subsequent search of the
truck, which Cavil claimed was his, Officer Hernandez located more crack rocks. The
aggregate weight of all the cocaine recovered from the truck was 1.1 grams. Officer
Hernandez arrested both Cavil and Mellen for possession of a controlled substance.

 

Confrontation Rights


 In issue one, Cavil contends that the trial court violated his Sixth Amendment right
to confrontation by admitting the incriminating testimonial hearsay of Mellen. The State
contends that the trial court did not err in overruling Cavil's confrontation objection because
he did not make a timely objection when the evidence was first introduced or when Officer
Hernandez made subsequent references to it.

Preservation of Error


 To preserve error, a party must object each time inadmissible evidence is offered
unless he (1) obtains a running objection, or (2) makes an objection outside the presence of
the jury to all the testimony he deems objectionable. Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003); see Tex. R. App. P. 33.1. Any error in the admission of evidence,
however, is cured when the same evidence comes in elsewhere without objection, either
before or after the complained-of ruling. Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim.
App. 2004). A defendant who fails to preserve error regarding the evidence's admissibility
forfeits his complaint even if the error concerns certain constitutional rights. Badall v. State,
216 S.W.3d 865, 867 (Tex. App.-Beaumont 2007, pet. ref'd). A defendant's "right of
confrontation is a forfeitable right-not a waivable-only right-and must be preserved by a
timely and specific objection at trial." Deener v. State, 214 S.W.3d 522, 527 (Tex.
App.-Dallas 2006, pet. ref'd).


 Officer Hernandez's Testimony 


 Early during its direct examination, the State asked Officer Hernandez what happened
during his conversation with Mellen. Defense counsel objected on hearsay and relevance
grounds, and pursuant to Rules of Evidence 403 and 404(b). (1) The trial court overruled the
objections. Hernandez then testified that he learned from Mellen that Cavil had picked her up
and was supposed to give her a ride to a friend's house. According to Officer Hernandez,
Mellen also told him that instead of doing so, Cavil drove her to the area where Hernandez
found them. Defense counsel again raised objections on relevance, hearsay, Rule 403, and
Rule 404(b), and all of his objections were overruled. The State then asked Officer Hernandez
the following questions, to which defense counsel raised no objections:

 Q. So her initial allegation was that there was some kind of a sexual
assault or he was trying to force himself on her, right?


 A. Yes, ma'am.


 Q. All right. And is that what you believed in the end had actually
occurred?


 A. No, ma'am.


 Q. Did she ever come back and say that it did not occur?


 A. Yes, ma'am.


 Q. All right. And did she indicate to you why she had told you that?


 A. Yes.


 Q. What was that?


 A. Because she didn't want us to know that there [were] drugs
involved.


 Later in direct examination, Officer Hernandez also testified that both Mellen and Cavil
did not answer the officers' question about ownership of the drugs. The State then asked
Officer Hernandez the following questions, during which defense counsel raised the
confrontation objection:

 Q. What did you do next?


 A. At that time both of them were charged with [possession]. And
then that's when the female began to tell us the story about what
it was all about.


 [Defense] I'll object as hearsay as to what the female said.


 [State] Your Honor, it's something that he's already
testified to. This is where she- in the point of the
story where she recants what happened earlier.


 [Court] All right. I'm going to overrule the objection. I
will allow the testimony.


 Q. Is this where, like we were talking about earlier, she denied that
the sexual assault had actually occurred?


 A. Yes, ma'am.


 Q. And what did she tell you instead?


 A. She told us instead that it was - 

 . . . .


 [Defense] I'd make an additional objection. In addition to
hearsay, Your Honor, it violates Mr. Cavil's right to
cross-examine that witness to the extent that she's
making incriminating statements against him, or
statements that incriminate him.


 [State] Your Honor, she's - may we approach?


 During the bench conference, the State explained that Mellen had already pled to the
offense, and that Mellen was "welcome to come in here and testify." (2) The trial court overruled
the objections, and the State's direct examination of Officer Hernandez continued:

 Q. What was it she said at that point?

 

 A. She said basically she was going to perform some sexual duties for
the drugs.


 The record later shows that defense counsel raised no objection to the following re-direct
testimony from Officer Hernandez:

 Q. [Mellen] admitted to you that she was a prostitute; isn't that right?


 A. Yes.


 Q. And that's against the law?

 

 A. Yes.


 Q. So she told you something that was against her better interests to
tell you; is that right?


 A. Correct.


 . . . .


 Q. And [Mellen] actually told you that she was there exchanging
tricks for the drugs.


 A. Yes. 


 [Defense] I'm going to object to leading, Your Honor.


The trial court overruled counsel's objection. 

 The State contends that Cavil waived his confrontation objection. In support, the State
argues that the testimony to which Cavil raised his confrontation objection was preceded by
Officer Hernandez's initial account of Mellen's statements about sexual activity involving drugs
and was followed by other testimony reiterating Mellen's admission to prostituting herself for
cocaine, neither of which garnered a confrontation objection from Cavil. We agree the
confrontation issue has been waived. 

 On redirect, Officer Hernandez answered "yes" to the State's question of whether Mellen
said she was there to exchange "tricks for drugs." This testimony drew only a "leading"
objection from defense counsel even though he earlier raised a confrontation objection to a
question on the same subject, i.e., Mellen's contention that she was there to engage in sex to
obtain drugs. 

 Further, the record does not show that defense counsel had a running objection for his
confrontation challenge or that he objected to the complained-of testimony outside the jury's
presence. See Martinez, 98 S.W.3d at 193. Consequently, his earlier objection did not preserve
error as to Hernandez's later statement on the same subject that was introduced without
objection. See Lane, 151 S.W.3d at 193. Because the same type of evidence about exchanging
sex for drugs was introduced during the trial without objection, we find Cavil waived any right
to complain on appeal about the confrontation objection he lodged initially to Officer
Hernandez's testimony on this subject. Issue one is overruled.

Law of Parties


 In issue two, Cavil contends the trial court erred in submitting an instruction on the law
of parties as it pertains to the possession of cocaine because the instruction was not supported
by the evidence. Cavil argues that under the State's theory, he was a purchaser of services, and
that a person in such circumstances may not be charged as a party.

 The jury returned a general verdict finding Cavil guilty. When alternative theories of
committing the same offense are charged and the jury returns a general guilty verdict, the
verdict stands if the evidence supports either of the theories charged. Brooks v. State, 990
S.W.2d 278, 283 (Tex. Crim. App. 1999). In this case, the court's charge authorized the jury
to convict Cavil either as a principal or as a party for possession of cocaine. In general, the trial
court may give the jury a parties instruction if there is sufficient evidence to support a verdict
that the defendant is criminally responsible under the law of parties. Ladd v. State, 3 S.W.3d
547, 564 (Tex. Crim. App. 1999). If there is sufficient evidence supporting a defendant's guilt
as a principal actor, however, "any error of the trial court in charging on the law of parties is
harmless.'" Id. at 564-65 (quoting Black v. State, 723 S.W.2d 674, 675 (Tex. Crim. App.
1986)). 

 We first consider whether the evidence is sufficient to support a jury verdict that Cavil
was guilty of possession as a principal actor. The evidence is legally sufficient if, when viewed
in a light most favorable to the verdict, any rational trier of fact could find the essential elements
of the crime beyond a reasonable doubt. Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App.
2006). "Evidence can be factually insufficient in one of two ways: (1) when the evidence
supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust,
and (2) when the supporting evidence is outweighed by the great weight and preponderance of
the contrary evidence so as to render the verdict clearly wrong and manifestly unjust." Roberts
v. State, 220 S.W.3d 521, 524 (Tex. Crim. App.), cert. denied, 128 S.Ct. 282, 169 L.Ed.2d 206,
76 U.S.L.W. 3165 (2007). 

 To prove a defendant possessed a controlled substance as a principal actor, the State
must show that the defendant (1) exercised actual care, control, and management over the
controlled substance and (2) was conscious of his connection with the controlled substance and
knew what it was. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); see Tex.
Health & Safety Code Ann. §§ 481.002(38) (Vernon Supp. 2008), 481.115(a) (Vernon
2003). When the defendant is not in exclusive possession of the location where contraband is
found, additional facts and circumstances must link him to the contraband and show that his
possession is more than just fortuitous. See Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex.
Crim. App. 2005). Evidence establishing the links may be direct or circumstantial. See id. 
While various factors (3)
 may be considered in establishing links to the contraband, ultimately,
it is the evidence's logical force, "not the number of links, that supports a jury's verdict." 
Evans, 202 S.W.3d at 166.

 The evidence before the jury established that 1) Cavil owned the truck where the cocaine
was found, 2) Cavil had driven Mellen to the location where Hernandez found them, 3) cocaine
was in plain view on the driver's side of the dashboard and more cocaine was located near the
driver's seat, and 4) Cavil had agreed to pay Mellen with cocaine for her prostitution services. 
Viewed in a light most favorable to the verdict and in a neutral light, the evidence provides
multiple links tying Cavil to the contraband. See Roberts, 220 S.W.3d at 524; Evans, 202
S.W.3d at 161. The totality of the evidence establishes, beyond a reasonable doubt, that Cavil
exercised actual care, custody, control, or management of the cocaine. See Evans, 202 S.W.3d
at 166. Thus, we find the evidence is both legally and factually sufficient to support a jury
verdict that Cavil was guilty of possession as a principal actor. See Roberts, 220 S.W.3d at 524;
Evans, 202 S.W.3d at 161. 

 Because the evidence supports Cavil's conviction under one of the charged theories, we
need not consider whether the evidence also is sufficient to support the State's alternate theory,
i.e., that Cavil was guilty of possession of cocaine under the law of parties. Consequently, we
overrule issue two. The trial court's judgment is affirmed.

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on April 20, 2009

Opinion Delivered August 26, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Rule 403 provides that relevant evidence may be excluded when "its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." 
Tex. R. Evid. 403. 

 Rule 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to
prove the character of a person in order to show action in conformity therewith." Id. 404(b). The
rule, however, also provides that such evidence may be admissible for other purposes, including but
not limited to, proof of motive, intent, and preparation. Id. 
2. Relying on Crawford v. Washington, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d
177 (2004), the Texas Court of Criminal Appeals held that the Sixth Amendment's
Confrontation Clause "bars the admission of testimonial statements of a witness who does
not appear at trial unless he is unavailable to testify and the defendant had a prior opportunity
to cross-examine him. . . ." Russeau v. State, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005). 
Russeau further held that certain reports containing testimonial statements "were
inadmissible under the Confrontation Clause, because the State did not show that the
declarants were unavailable to testify and appellant never had an opportunity to cross-examine any of them." Id. at 880-81. In this case, the record appears to indicate that Mellen
was not present at trial, but the State did not show that she was unavailable to testify.
3. Some factors that may be considered in establishing links to the contraband are:


 (1) whether the defendant was present when the search was conducted, (2)
whether the contraband was in plain view, (3) whether the defendant had
proximity to the contraband and it was accessible to him, (4) whether the
defendant was under the influence of narcotics when arrested, (5) whether the
defendant possessed other contraband or narcotics when arrested, (6) whether
the defendant made incriminating statements, (7) whether the defendant
attempted to flee, (8) whether the defendant made furtive gestures, (9) whether
there was an odor of contraband, (10) whether other contraband or drug
paraphernalia was present, (11) whether the defendant owned or had the right
to possess the place where the contraband was found, (12) whether the place
where the contraband was found was enclosed, (13) whether the defendant was
found with a large amount of cash, and (14) whether the conduct of the
defendant indicated a consciousness of guilt. 


 Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).