

**NUMBER 13-13-00048-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**JOHN DANIEL STERNER,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 221st District Court
of Montgomery County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, John Daniel Sterner, was convicted of aggravated sexual assault of a child and received a sentence of twenty-eight years' confinement. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2011). Appellant challenges the judgment on the basis that the trial court improperly allowed the State to question him about

allegations of sexually assaulting a child who did not testify at his trial in violation of the Confrontation Clauses of the United States and Texas Constitutions. We affirm.[1]

## I. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's evidentiary ruling for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). If the trial court's ruling is correct under any applicable legal theory and is reasonably supported by the record, we will not disturb that ruling. *Id.* at 418.

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. amend. VI. The United States Supreme Court has held that a witness's testimonial statements may not be admitted into evidence when the witness is not present at trial unless the witness is unavailable to testify and the defendant was afforded a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). However, in order to preserve error for a Confrontation Clause violation, the defendant must have objected at trial on that basis. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (explaining that to preserve an appellate complaint based on the Confrontation Clause, the appellant must have specifically informed the trial court that he was objecting on that basis); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); *see also Cavil v. State*, No. 09-08-00049-CR, 2009 WL 2617780, at *3 (Tex. App.— Beaumont Aug. 26, 2009, pet. ref'd) (mem. op, not designated for publication) (concluding that appellant waived his Confrontation Clause issue because he did not

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

object at trial on that basis each time the same evidence was offered) (citing *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd)). Moreover, an objection to the complained-of evidence on the basis of hearsay does not preserve a complaint on appeal based on a Confrontation Clause violation. *Reyna*, 168 S.W.3d at 179.

## II.    DISCUSSION

On appeal, appellant complains that the trial court over his objections impermissibly allowed the prosecutor to question him on cross-examination about allegations made against him by a child named C.H., who was not the child victim in this case. Appellant argues that by doing so, the trial court admitted testimonial evidence not allowed under *Crawford*. *See Crawford*, 541 U.S. at 59.

During the State's cross-examination of appellant, the trial court held a hearing outside the presence of the jury where the prosecutor argued that, pursuant to rule of evidence 404(b), appellant had opened the door to allegations made by C.H. *See* TEX. R. EVID. 404(b). During the hearing, defense counsel argued that the door had not been opened and that any evidence regarding C.H.'s allegations were not admissible pursuant to rule 404(b). *See id.* Defense counsel did not object on the basis of the Confrontation Clause. The trial court ruled that it would allow the State to question appellant about C.H.'s allegations on a limited basis pursuant to rule 404(b).

The jury reentered the courtroom, and the prosecutor continued questioning appellant. The following exchanged occurred:

Q. And do you remember a girl named [C.H.]?

A. No.

Q. Do you remember that she lived in Apartment 27?

A. Okay. I do remember.

Q. Okay. And her mother was Gerri Hardy?

A. I don't recognize the name.

Q. She lived in the apartment directly below you; is that right?

A. Okay. Yes.

Q. In that same building?

A. Yes.

Q. And were you aware that [C.H.] made an allegation that you touched her inappropriately?

[Defense Counsel]: Objection, Judge. That is hearsay. If she says someone made an allegation, that would be hearsay.

The trial court overruled the objection. No Confrontation Clause objection was made. The prosecutor asked appellant, "Were you aware that [C.H.] made an allegation that you touched her inappropriately," and appellant responded, "No." The prosecutor said, "So you weren't aware that she said that you touched her vaginal area?" Defense counsel objected stating, "[The prosecutor] is going into what [C.H.] said at this point." The trial court sustained the objection. No objection based on the Confrontation Clause was made. The following colloquy then occurred:

Q. (By [the Prosecutor]) Did you touch her vaginal area?

A. No.

Q. And when did you—when were you around [C.H.]?

A. In 2005.

Q. Did she ever go to your apartment?

4

A. I don't think any of the other kids were in my apartment.

Q. How old was she?

A. I don't know.

Q. Was she friends with [your daughter]?

A. I don't think so. I think she was friends with [my son].

Q. Was she older than [your daughter]?

A. I think so.

. . . .

Q. And she came into your apartment and sat on your couch?

A. Not when I was there.

Q. You didn't put a blanket over her?

A. Not —no.

Defense counsel objected stating that the prosecutor was "getting into the factual basis regarding these allegations that he—he is entitled to cross-examination, confrontation and all of these other things. I know you said you would give [the prosecutor] some leeway." The trial court sustained defense counsel's objection.

Appellant's objections to the prosecutor's questions that the trial court overruled were not made on the basis of the Confrontation Clause; thus, those objections did not preserve his Confrontation Clause issue on appeal.[2] *See Reyna*, 168 S.W.3d at 179; *Paredes*, 129 S.W.3d at 535; *see also Cavil*, 2009 WL 2617780, at *3. Although appellant objected to one of the questions posed by the prosecutor on the basis of the

---

[2] As previously explained, the trial court overruled appellant's objections on the basis that he had not opened the door to extraneous offense evidence, that rule 404(b) did not serve as a basis to allow the prosecutor to question him about the allegations, and on the basis of hearsay.

Confrontation Clause, the trial court sustained his objection and appellant did not obtain an adverse ruling. *See Badall v. State*, 216 S.W.3d 865, 867 (Tex. App.—Beaumont 2007, pet. ref'd) (concluding that the failure to obtain an adverse ruling when the trial court sustains the defendant's objections does not preserve error). Accordingly, we overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.