**Opinion issued January 7, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-01040-CR**

———————————

**CHESTER DEAN BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1364531**

---

**MEMORANDUM OPINION**

A jury convicted appellant of intoxication assault with two prior felony convictions, and the trial court assessed punishment at 35 years' confinement. In two points of error, appellant contends (1) the trial court erred by admitting

hearsay testimony by an expert toxicologist, who did not perform the toxicology tests about which she testified, in violation of appellant's rights under the Confrontation Clause of the United States Constitution; and (2) appellant received ineffective assistance of counsel at trial because counsel did not object to a warrantless blood draw. We affirm.

## BACKGROUND

On October 16, 2010, Darius Smith was driving northbound on Kuykendahl in Houston, TX, and Anitra Hill was his passenger. He noticed two people—a man and a woman—on a motorcycle in the lane to his right. As Smith approached a green light at the intersection of Kuykendahl and Demontrond he noticed a white Chevy Geo approaching from the southbound direction at a high rate of speed. The white Geo, driven by appellant, sped up and made a wide turn in front of Smith and the motorcycle. Smith swerved to avoid an impact, but his passenger, Hill, saw the motorcycle collide with the side of appellant's car. The motorcycle driver, Glen Hosmer, fell off the motorcycle, but was eventually able to get up and go check on his passenger, Debra Shannon. Shannon had been thrown from the motorcycle, hit appellant's car, and fell to the ground "like a rag doll," landing face down on the street. Smith called 911.

2

Smith saw appellant sitting in his car after it stopped and noticed that "he appeared to under the influence or alcohol." His face was "really red," he was "sweating profusely," and he was "ranting about that it wasn't his fault."

The first officer on the scene saw Shannon face-down on the road and initially, he thought that she was dead. Based on the severity of her injuries, the officer called the accident investigation division.

Deputy S. Sargent of the Harris County Sheriff's Department responded to the scene as part of the accident investigation division. When Sargent arrived, appellant was in the back of an ambulance being prepared for transport to a hospital. At first he did not notice any signs of intoxication, but Sargent then noticed "red glassy eyes, slurred speech" and "could smell the odor of alcoholic beverage coming from [appellant's] breath." Because appellant was on a back board with a cervical collar, Sargent was able to perform only one field sobriety test—the horizontal gaze nystagmus [HGN] test. Appellant exhibited all six possible clues on the test.

Deputy Guttierrez also responded to the scene. He determined that appellant did not have a protected green light when he attempted to turn in front of Smith and Hosmer. Rather, appellant should have yielded to oncoming traffic before attempting to make a left turn because Hosmer and Smith had the right-of-way. There were also tire marks at the scene indicating that appellant had made a left

turn at a higher rate of speed than normal. Guttierrez also concluded that, had appellant not hit the motorcycle, he actually would have gone off the roadway. There were also skid marks indicating that Hosmer had attempted to brake the motorcycle before impact.

At the hospital, Sargent requested that appellant provide a blood sample and read appellant a DIC-24 form to appellant in its entirety, which explained the consequences of a voluntary blood sample. Appellant refused to consent to a voluntary blood sample. Officer Sargent then determined that a mandatory blood sample was permissible because the accident had involved a serious bodily injury and appellant had failed the HGN field sobriety test. Accordingly, Sargent had one of the nurses at the hospital take a sample of appellant's blood.

Dr. F. Guale, of the Harris County Institute of Forensic Sciences [HCIFS], testified that the test result showed a blood alcohol concentration of .08, plus the presence of Nordiazepam and Tramadol, both of which would have had a synergistic effect intensifying the effect of the alcohol. The State also admitted certificates of analysis documenting these results, which were completed by four employees under Dr. Guale's supervision at HCIFS.

## CONFRONTATION CLAUSE

In his first point of error, appellant contends that admission of Dr. Guale's testimony as to results in four certificates of analysis performed by other

employees of HCIFS violated his right to confrontation under the Sixth Amendment to the United States Constitution.

The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee bars the admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 54, 124 S. Ct. 1354, 1365 (2004). Affidavits reporting the results of forensic analysis are testimonial statements, and the analysts who performed the tests are witnesses for purposes of the Sixth Amendment. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310, 129 S. Ct. 2527, 2532 (2009); *see also Deener v. State*, 214 S.W.3d 522, 526 (Tex. App.—Dallas 2006, pet. ref'd) (chain of custody affidavit and certificate of analysis are testimonial for purposes of right to confrontation). Therefore, absent a showing the analyst was unavailable to testify at trial and that the defendant had a prior opportunity to cross-examine the analyst, a defendant is entitled to be confronted with the analyst at trial. *Melendez-Diaz*, 557 U.S. at 311, 129 S. Ct. at 2532. However, a state may enact procedural rules in the form of notice-and-demand statutes that "require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is

given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial." *Melendez-Diaz*, 557 U.S. at 326–27, 129 S. Ct. at 2541.

Texas's notice-and-demand statute is contained in articles 38.41and 38.42 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 38.41, 38.42 (Vernon 2005). Certificates of analysis of physical evidence and chain of custody affidavits are admissible without a witness appearing at trial if they are filed and served on the opposing party more than twenty days before trial begins and the opposing party does not file a written objection by the tenth day before trial begins. TEX. CODE CRIM. PROC. ANN. arts. 38.41 (certificate of analysis of physical evidence); 38.42 (chain of custody affidavit). A defendant waives any objection under the Confrontation Clause to the admissibility of the certificate of analysis or chain of custody affidavit by failing to timely object under the statute. *Deener*, 214 S.W.3d at 528; *see also Melendez-Diaz*, 557 U.S. at 327, 129 S. Ct. at 2541 ("There is no conceivable reason why [the defendant] cannot similarly be compelled to exercise his Confrontation Clause rights before trial.").

Here, the State filed the certificates of analysis more than twenty days before trial began. TEX. CODE CRIM. PROC. ANN. art. 38.41, § 4, art. 38.42, § 4. Appellant did not timely object to certificates, but instead raised his objection for the first

6

time at trial. Accordingly, he waived any objection that the admission of the certificates or the testimony about those certificates violated his confrontation rights. *Deener*, 214 S.W.3d at 528.

We overrule appellant's first point of error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second point of error, appellant contends that "defense counsel was ineffective in failing to move to suppress or object at trial to the evidence arising from the warrantless blood draw." Specifically, appellant contends that the mandatory blood draw in this case was invalid because appellant's denial of consent to a voluntary blood draw was invalid.

The United States Supreme Court has established a two-pronged test for determining whether there was ineffective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different but for counsel's deficient performance. *Id.*; *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).

The first prong of the *Strickland* test requires that the defendant show that counsel's performance fell below an objective standard of

7

reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must prove, therefore, by a preponderance of the evidence that trial counsel's representation objectively fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *see Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064 ("This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.").

To understand appellant's contention that counsel was ineffective, a brief discussion of the background facts and applicable law is necessary. When Deputy Sargent asked appellant to consent to a voluntary blood draw, he read a form DIC-24[1] in its entirety to appellant. Appellant refused consent. Thereafter, the officer determined that a mandatory blood draw was required pursuant to section 724.012 of the Transportation Code, which provides in pertinent part:

> (b) A peace officer **shall require the taking of a specimen** of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and **the person refuses the officer's request to submit to the taking of a specimen voluntarily**:
>> (1) the person was the operator of a motor vehicle . . . involved in an accident that the officer reasonably believes occurred as a result of the offense and, at the time of the arrest, the officer reasonably believes that as a direct of the accident:

---

[1] A form DIC-24 provides the information that, pursuant to statute, must be provided by an officer before requesting a blood or breath specimen. *See* TEX. TRANSP. CODE ANN. § 724.015 (Vernon Supp. 2013).

(A) any individual has died or will die;
(B) *an individual other than the person has suffered serious bodily injury*; or
(C) an individual other than the person has suffered bodily   injury and been transported to a hospital or other medical facility for medical treatment[.]

TEX. TRANSP. CODE ANN. § 724.012(b)(1)(A-C) (Vernon 2011) (emphasis added).  The officer then drew appellant's blood pursuant to the mandatory blood draw statute above.

Appellant argues that the mandatory blood draw was invalid because appellant did not validly refuse a consensual blood draw.  Appellant contends that the DIC-24 that was read to appellant did not include one of the elements required by the statute.  Specifically, appellant argues that the DIC-24 did not include a warning that "if the person refuses to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from the person."  *See* TEX. TRANSP. CODE ANN. § 724.015(3) (Vernon Supp. 2013).  We disagree with appellant.

The section that appellant contends was left out of the DIC-24 warnings did not become effective until September 1, 2011.[2]  Appellant was arrested on October 16, 2010.  Counsel was not ineffective for failing to object to the absence of an element on the form DIC-24 that was not required at the time of the arrest.

Accordingly, we overrule point of error two.

---

[2]     *See* Act of 2011, 82nd Leg., R.S., ch. 674, § 8 (effective Sept. 1, 2011).

## CONCLUSION

We affirm the trial court's judgment.


                                        Sherry Radack
                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).