

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00419-CR

MELANIE STORM                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1373849D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Melanie Storm entered an open plea of guilty to theft of property under $1,500 with two prior convictions. At the sentencing hearing that eventually followed, the trial court admitted a presentence investigation report (PSI), found Storm guilty, and sentenced her to one year's confinement in state jail. In a single point, Storm argues that her Sixth Amendment right to

[1]*See* Tex. R. App. P. 47.4.

confrontation was violated when the trial court admitted the PSI at the sentencing hearing.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. Numerous constitutional rights, including the right to confrontation, may be forfeited for purposes of appellate review unless they are properly preserved. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd).

Here, Storm did not assert any objection, including on confrontation grounds, when the State offered the PSI. In fact, Storm affirmatively stated, "No objection." Pointing out that the court of criminal appeals has held contrary to her issue on the merits and that an objection to the PSI on confrontation grounds "would necessarily [have] been overruled by the trial court," Storm contends that she did not have to object to the PSI on confrontation grounds because when

2

"the law is well-settled to the point where any objection in the trial court would be futile, the claim will not be considered forfeited for later review." This is only part of the exception. The preservation exception may apply when the relief sought by the appellant becomes available after trial and the appellant, therefore, could not have been expected to preserve error by objecting at trial. *See, e.g.*, *Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009). As the State observes, however, Storm "does not seek to avail herself of a right based on a favorable change in the law that occurred after her sentencing hearing; instead, she seeks to change existing case law." The preservation exception that Storm relies upon is clearly inapplicable under the circumstances. Accordingly, Storm forfeited this point for appellate review. We overrule her sole point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 23, 2015

3