**Modified and Affirmed and Opinion Filed September 30, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00741-CR**

**JEFRY SAUL ZUNIGALAINEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-19-22628-H**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Nowell

Following a bench trial, the trial court found Jefry Zunigalainez guilty of aggravated sexual assault of a child under the age of fourteen. In three issues, appellant argues the evidence is insufficient to support the conviction and he was denied his Sixth Amendment right to confront the complainant. He also requests that we modify the judgment. We modify the trial court's judgment and affirm as modified.

### A. Sufficiency of the Evidence

In his first issue, appellant argues the evidence is insufficient to support the conviction because the events could not have transpired in the way the complainant

described.  To evaluate the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014); *see also Jackson v. Virginia*, 443 U.S. 307 (1979); *Turner v. State*, 626 S.W.3d 88, 92 (Tex. App.—Dallas 2021, no pet.).  "This standard tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

As applicable here, a person commits an offense if the person intentionally or knowingly causes the sexual organ of a child under the age of fourteen to contact the sexual organ of another person.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (a)(2)(B). A conviction under section 22.021 of the penal code is supportable on the uncorroborated testimony of the victim of a sexual offense when that victim is seventeen years of age or younger. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1).

The complainant, N.O.A., was thirteen years old when she moved into her aunt's house where other family members, including appellant, also lived. A few days after moving in, N.O.A. slept in a bedroom with appellant and one other family member.  N.O.A. testified she fell asleep, but she was awakened when she felt pain in her vagina "[b]ecause he penetrated me" with his penis.  Appellant held her arms and covered her mouth with his hand.  She tried to push him off of her, but she could

not. When he released her, appellant asked N.O.A. to forgive him, said he would not do it again, and told her not to tell anyone.  N.O.A. went to the bathroom and took a shower because "there was some blood."

Considering the evidence in the light most favorable to the verdict, we conclude the trial court could have found the essential elements of the offense beyond a reasonable doubt based on N.O.A.'s testimony alone. While appellant submits N.O.A.'s testimony is implausible due to the presence of other family members in the room and the home, the factfinder was tasked with resolving any conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from the facts presented. We overrule appellant's first issue.

### B.    Sixth Amendment Right to Confront a Witness

In his second issue, appellant argues he was denied his Sixth Amendment right to confront N.O.A. because she testified via a remote live video broadcast. To overcome appellant's right to confrontation, appellant contends the trial court should have determined whether the use of a remote live video broadcast was necessary and made a case-specific finding of necessity before N.O.A. testified.  In response, the State asserts appellant failed to preserve this argument for appeal.

When appellant's counsel began cross-examining N.O.A., he asked whether she was located out of state.  N.O.A. replied she had been out of state, but she returned to Dallas a couple of days earlier.  Appellant's counsel asked to approach the bench and the following exchange occurred:

[Appellant's counsel]: It was my understanding that [N.O.A.] was going to be testifying from out of state, and now we are finding out that she is actually here in Dallas.

THE COURT: Does it matter one way or the other? Is there something I'm missing?

[Appellant's counsel]: That's what I was going to ask you about. That wouldn't change your opinion about whether she would have to testify or not . . . whether she would have to come to court to testify?

THE COURT: There is no one that has to come to court because under the new rules, it doesn't matter whether they are in Dallas or even two floors down. They can appear virtually just because they don't want to be in a courtroom full of other people.

[Appellant's counsel]: Fair enough. I just wanted to make sure. I am not creating an issue. I want to make sure that was the case.

Appellant's counsel continued cross-examining N.O.A.

Preservation requirements apply to confrontation complaints. *See Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd). To preserve error, a defendant must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1. (a).

At trial, appellant did not argue the trial court violated his Sixth Amendment right to confront N.O.A. Therefore, we conclude appellant failed to preserve this argument for appeal. We overrule appellant's second issue.

## C.    Modification to the Judgment

In his third issue, appellant requests we modify the judgment to show he entered a plea of not guilty rather than entering a plea of guilty pursuant to a plea

bargain. The State agrees the judgment incorrectly reflects appellant pleaded guilty and was sentenced with the terms of a plea bargain agreement.

We have the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Because the requested modification is proper, we modify the judgment as requested to show appellant pleaded not guilty and was not sentenced in accordance with the terms of a plea bargain. We sustain appellant's third issue.

### D. Conclusion

We modify the trial court's judgment and affirm as modified.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200741f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFRY SAUL ZUNIGALAINEZ, Appellant

No. 05-20-00741-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F-1922628-H. Opinion delivered by Justice Nowell. Justices Molberg and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Plea to Offense," we DELETE the word "GUILTY" and add the words "NOT GUILTY."

Under the heading "Terms of Plea Bargain," we DELETE the words "15 YEARS TDC - $0.00 FINE" and add the word "NONE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of September, 2021.