COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JESUS LOPEZ, | § | No. 08-10-00285-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20080D05097) |
| | § | |

## **O P I N I O N**

Jesus Lopez appeals his conviction of unlawful possession of cocaine with intent to deliver, in an amount of four grams or more but less than two hundred grams. On appeal, Appellant raises three issues for our review. We affirm.

## **BACKGROUND**

On October 9, 2008, as part of an ongoing narcotics investigation, El Paso Police Narcotics Detective Javier Monreal (Monreal) was engaged in undercover surveillance of a maroon red-colored Acura. Monreal observed the Acura drive into a parking lot and park. Shortly after, Monreal saw a man enter the Acura on the passenger side, and observed the driver of the Acura and the man engage in a very brief conversation. The man exited the Acura and left in his own vehicle, and thereafter, the Acura left the parking lot.

Monreal followed the Acura out of the parking lot, and saw the driver commit a traffic violation. Monreal requested assistance from another detective and asked that a marked police unit make the traffic stop. El Paso Police Officer Richard Ortega (Ortega) stopped the Acura for

failure to stop at the designated stop point. Ortega approached the driver's side of the vehicle, and asked for Appellant's license; because Appellant had none, Ortega obtained other identifying information. Ortega observed that Appellant was "very fidgety." Ortega discovered that Appellant had an outstanding traffic warrant, arrested Appellant and placed him in the back of the police vehicle. At trial, Ortega identified Appellant as the individual driving the Acura he stopped on October 9, 2008.

After Appellant's arrest, El Paso Police K-9 Narcotics Officer Gabriel Corral (Corral) arrived on the scene with a certified narcotics detection police dog. Corral read Appellant his *Miranda*[1] rights and asked Appellant if he had anything illegal in his car. Appellant admitted that he had drugs in the center console. Corral proceeded to conduct a K-9 search of the Acura's exterior. The dog alerted at the driver's side door, and inside the dog alerted to the center console and to the radio knobs. Corral searched the center console and found cocaine. Appellant was charged with unlawful possession of cocaine in an amount of four grams or more but less than two hundred grams with intent to deliver.

At trial, Ortega identified Appellant as the individual driving the Acura he stopped on October 9, 2008. Monreal testified that he believed Appellant, the driver of the Acura negotiated a drug deal in the parking lot with the unidentified man who entered the Acura. Monreal also testified that a user amount of cocaine would be around or less than one gram, the contraband weighed 78.46 grams, had a street value of approximately $40 per gram, and that based on his training and experience, 78 grams of cocaine was a distribution amount. The trial court admitted Appellant's oral statement admitting there were drugs in the console, the seized cocaine, and the State's certificate of analysis of the cocaine into evidence. After Appellant entered a plea of not

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

guilty, the jury found Appellant guilty as alleged in the indictment, and the trial court sentenced Appellant to five years' confinement. This appeal followed.

## DISCUSSION

In three issues on appeal, Appellant challenges the trial court's admission of his oral, unrecorded statement into evidence, the legal insufficiency of the State's evidence, and the trial court's admission of the State's certificate of analysis into evidence. We first address Appellant's legal sufficiency argument.

### Legal Sufficiency

In Issue Two, Appellant contends that the evidence is insufficient to show beyond a reasonable doubt that he possessed the cocaine with intent to distribute.

#### *Standard of Review*

In assessing the legal sufficiency of the evidence to support a criminal conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the weight and creditability of the witnesses. *Brooks*, 323 S.W.3d at 899. It is the role of the jury to resolve any conflicts of testimony and to draw rational inferences from the facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is our duty to determine if the necessary inferences are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Id*. at 16-17. We do not overturn a verdict unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The standard of review is the same for both direct and

3

circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim App. 1991), *overruled on other grounds, Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

### *Possession of a Controlled Substance with Intent to Deliver*

A person commits an offense if he "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). Cocaine is listed as a controlled substance under "Penalty Group 1." *Id.* § 481.102(3)(D) (West 2010). Possession is defined as "actual care, custody, control, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010). To support a conviction for unlawful possession of a controlled substance with intent to deliver, the State must prove three elements beyond a reasonable doubt: (1) the accused exercised actual care, custody, control, and management over the contraband; (2) the accused intended to deliver the contraband to another; and (3) the accused knew the substance he possessed was contraband. *Cisneros v. State*, 290 S.W.3d 457, 466 (Tex. App. – Houston [14th Dist.] 2009, pet. dism'd); TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010).

An affirmative link must be found between the accused and the contraband demonstrating that the accused exercised control over it and knew of its existence and character. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex. App. – El Paso 1995, pet. ref'd). An "affirmative link" may be shown to exist by either direct or circumstantial evidence, and it must establish that the accused's association to the contraband was more than just fortuitous. *Id.* An affirmative link may be shown by the following factors which are not all-inclusive: (1) the accused's presence when the search occurred; (2) the accused's proximity to and accessibility of the contraband; (3) the accused's incriminating statements when arrested; (4) the accused's furtive gestures; (5) the odor of the

4

contraband; (6) whether the accused owned or had the right to possess the place where the contraband was found; (7) whether the contraband was found in an enclosed area; (8) whether the accused was the operator of the automobile where contraband was found; (9) the accused's conduct indicating a consciousness of guilt; and (10) the amount of contraband found. *See Gregory v. State*, 159 S.W.3d 254, 260 (Tex. App. – Beaumont 2005, pet. ref'd); *Nguyen v. State*, 54 S.W.3d 49, 53 (Tex. App. – Texarkana 2001, pet. ref'd); *Hurtado v. State*, 881 S.W.2d 738, 743 n.1 (Tex. App. – Houston [1st Dist.] 1994, pet. ref'd). The "logical force" the factors have in establishing the elements of the offense is more important than the actual number of factors present. *Corpus v. State*, 30 S.W.3d 35, 38 (Tex. App. – Houston [14th Dist.] 2000, pet. ref'd); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App. – Austin 1991, pet. ref'd).

Appellant asserts that the evidence was legally insufficient to prove beyond a reasonable doubt that he possessed the cocaine in question with the intent to distribute because the State's only evidence of intent to distribute was Monreal's testimony that 78 grams of cocaine was a distribution amount. Appellant contends that absent other evidence to support an intent to distribute, the State's evidence was insufficient and did nothing more than create a suspicion of guilt. We disagree. After reviewing the evidence adduced at trial we conclude that a rational jury could have found Appellant guilty of unlawful possession of cocaine with intent to deliver an amount of four grams or more but less than 200 grams. *See Johnson v. State*, 23 S.W.3d 1, 14 (Tex. Crim. App. 2000) (great deference is given to the jury on deciding the weight of the evidence and the credibility of the witnesses).

The evidence showed that Monreal was conducting surveillance for an ongoing drug investigation when he observed what he believed to be a drug transaction take place in the Acura Appellant was driving. Appellant was the sole occupant of the vehicle when he was stopped by

5

Ortega.  Appellant appeared very fidgety and extremely nervous to the police indicating a consciousness of guilt.  After being informed of his rights at the scene, Appellant was asked if there was anything illegal in the vehicle, and Appellant admitted that there were drugs in the center console of the Acura.  A police dog certified to detect contraband alerted to the center console, and cocaine was found in the center console.  Monreal testified that 78.46 grams, the amount of cocaine found in the vehicle was considered a distribution amount, that a personal use amount was 1 gram or less, and that the street value of 1 gram was $40.  The evidence showed that Appellant knew the cocaine was in the center console, to which he had convenient access.  Accordingly, we hold that the evidence was legally sufficient to establish Appellant's possession with intent to distribute.  Issue Two is overruled.

### Admission of Evidence at Trial

In Issues One and Three, Appellant challenges both the trial court's admission of his oral statement admitting that there were drugs in the center console of the vehicle and the State's certificate of analysis of the seized cocaine.

### Standard of Review

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).  We find an abuse of discretion when the trial court's decision lies "outside the zone of reasonable disagreement."  *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).  We affirm the trial court's decision if it falls within the zone of reasonable disagreement.  *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim.App. 2003).

### Admission of Appellant's Oral, Unrecorded Statement to Police

Appellant contends the trial court erred in admitting his oral statement to Corral into

6

evidence in violation of Article 38.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005). Article 38.22, § 3(a) of the Texas Code of Criminal Procedure prohibits the use of an oral statement of an accused made as a result of custodial interrogation unless an electronic recording is made of the statement, statutory warnings are given, and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warnings. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (West 2005). Appellant further asserts that the exception found in Article 38.22, § 3(c) does not apply because his oral statement did not result in the discovery of information not already known to the police.

However, under the exception found in Section 3(c), oral statements containing assertions of facts or circumstances that are found to be true and which establish the guilt of the accused are admissible if, at the time the statements were made, the assertions made were unknown by law enforcement but later verified. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(c) (West 2005); *Woods v. State*, 152 S.W.3d 105, 117 (Tex. Crim. App. 2004). Facts "found to be true" are those of which the police were unaware of at the time the oral statement was made and that were later found to be true. *Gunter v. State,* 858 S.W.2d 430, 448 (Tex. Crim. App.), *cert. denied,* 510 U.S. 921, 114 S.Ct. 318, 126 L.Ed.2d 265 (1993), *overruled on other grounds by Riley v. State,* 889 S.W.2d 290 (Tex. Crim. App. 1993); *see also Parnell v. State*, No. 2-08-001-CR, 2009 WL 806899, at *5 (Tex. App. – Fort Worth Mar. 26, 2009, no pet.) (mem. op., not designated for publication) (the mere suspicions of a police officer do not constitute knowledge which would make the officer "aware" for purposes of negating the exception under Article 38.22, § 3(c)).

Because Monreal testified that he believed but did not know whether there were drugs in the Acura before Corral and his narcotics detection police dog later corroborated Appellant's oral statement, we find that the trial court did not err in admitting Appellant's oral statement into

evidence at trial. Appellant's oral statement contained facts of which Corral was unaware at the time Appellant's statement was made and which were later verified and established Appellant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(c) (West 2005); *Moore v. State*, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999); *Gunter*, 858 S.W.2d at 448. Having concluded that there was no error, we do not address Appellant's harm analysis argument. Issue One is overruled.

### *Admission of The State's Certificate of Analysis*

In Issue Three, Appellant challenges the trial court's admission of the State's certificate of analysis because the certificate did not include a statement that the tests or procedures used were reliable as required by Article 38.41, § 3(6) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.41, § 3(6) (West 2005). A certificate of analysis is admissible as evidence at trial to establish the results of the laboratory analysis without requiring the analyst to physically appear at trial if the certificate complies with the statutory requirements. TEX. CODE CRIM. PROC. ANN. art. 38.41, § 1 (West 2005). A certificate of analysis that substantially complies with the statutory requirements is sufficient to meet the requirements of Article 38.41. TEX. CODE CRIM. PROC. ANN. art. 38.41, § 5 (West 2005). A certificate is not admissible under Article 38.41, § 1 if the opposing party files a written objection to the use of the certificate no later than ten days before trial. TEX. CODE CRIM. PROC. ANN. art. 38.41, § 4 (West 2005). An opposing party waives any objection to the certificate if it fails to make a timely objection under the statute. *See Deener v. State,* 214 S.W.3d 522, 527-28 (Tex. App. – Dallas 2006, pet. ref'd);

*see also Herring v. State*, No. 05-08-01699-CR, 2010 WL 1713639, at *2 (Tex. App. – Dallas Apr. 28, 2010, pet. ref'd) (finding defendant waived any objection to the admission of the State's

8

certificate of analysis and chain of custody affidavit under Article 38.41, § 4 of the Texas Code of Criminal Procedure because she failed to timely file an objection under the statute).

Here, to prove the substance at issue was cocaine that weighed 78.46 grams, in compliance with the statute, the State both filed and served Appellant with a copy of the Notice of Filing Certificate of Analysis and Chain of Custody Affidavit with Laboratory Results on June 25, 2009. *See* TEX. CODE CRIM. PROC. ANN. art. 38.41, § 4 (West 2005). However, Appellant did not file any written pretrial objections to the certificate of analysis as required by Article 38.41. *See id*. At trial, Appellant objected to the certificate's admissibility under Article 38.41, § 3(6) and the trial court overruled his objection.

On appeal, the State maintains that the certificate substantially complies with Article 38.41, and contests that the trial court did not err in admitting the certificate of analysis over Appellant's objection because Appellant failed to file any written objections as required by Article 38.41, § 4. We agree. By failing to timely file a written objection to the certificate of analysis, Appellant failed to preserve the issue for our review. *See* TEX. CODE CRIM. PROC. ANN. art. 38.41, § 4 (West 2005); TEX. R. APP. P. 33.1(a); *see also Deener,* 214 S.W.3d at 526. Issue Three is overruled.

## CONCLUSION

Having found no reversible error, we affirm the trial court's judgment.


May 9, 2012                                        GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)