774-15

ORIGINAL

No. 05-14-00900-CR

IN THE TEXAS COURT
OF CRIMINAL APPEALS

Isreal J. Balderas
(Petitioner)

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

V.

FILED IN
COURT OF CRIMINAL APPEALS

AUG 18 2015

Abel Acosta, Clerk

The State of Texas

Petition is in Cause #F133607-T
From the 283rd Judicial Dist.
Dallas County, Texas and
#05-14-00900-CR in the 5th
District Court of Appeals
at Dallas.

---

Petition for Discretionary
Review

---

Isreal J. Balderas #01937229
3060 FM 3514
Beaumont, Texas 77705
Proceeding Pro Se

# TABLE OF CONTENTS      PAGE

TABLE OF CONTENTS      (i)

INDEX OF AUTHORITIES      (ii)

ORAL ARGUMENT STATEMENT      (1)

REFERENCES TO RECORD      (1)

STATEMENT OF THE CASE      (1)

STATEMENT OF PROCEDURAL HISTORY    (2)

GROUNDS FOR REVIEW      (3)

ARGUMENT AND AUTHORITIES #1      (3)

ARGUMENT AND AUTHORITIES #2      (5)

CONCLUSION      (7)

PRAYER FOR RELIEF      (8)

CERTIFICATE OF SERVICE      (9)

APPENDIX      END

# INDEX OF AUTHORITIES

PAGE

CHAPMAN V. CALIFORNIAN 87S.CT 824 (8)

CLARK V TEXAS 365 SW3d 333,339 (3)

CRAWFORD V WASHINGTON 541 US 36 (4,6)

WELLS V STATE 241 SW3d 172 (6)

## CODES AND AMENDMENTS!

TEXAS PENAL CODE 22.021 (1)

TEXAS CODE OF CRIM. P.RO. ART 38.072 (4,5)

CONSTITUTIONAL AMEND 6 AND 14 (4)

## STATEMENT REGARDING ORAL ARGUMENT

PETITIONER IS PROCEEDING PRO SE IN THIS CAUSE BUT REQUESTS ORAL ARGUMENT IF DEEMED NECESSARY BY THIS COURT

## REFERENCES TO THE RECORD

REFERENCES TO THE CLERK'S RECORD ARE DESIGNATED AS (CR PAGE #) REFERENCES TO REPORTERS RECORD ARE DESIGNATED AS (RR VOL# PAGE #)

## STATEMENT OF THE CASE

PETITIONER WAS CHARGED WITH AGGRAVATED SEXUAL ASSULT OF A CHILD. TEX. PENAL CODE 22.021 (CR 1:14) PETITIONER PLED NOT GUILTY AND ELECTED FOR A TRIAL BY JURY. (RR 2:5, RR 3:15). THE JURY FOUND PETITIONER GUILTY AND ASSESSED PUNISHMENT

(1)

AT 50 YEARS (CR 1:91, RR 3:145, 180) THE JUDGMENT WAS ENTERED ON JUNE 19, 2014 (CR 1:80) THE PETITIONER GAVE TIMELY NOTICE OF APPEAL. THE DALLAS COURT 5TH DISTRICT AFFIRMED THE CONVICTION ON MAY 14, 2015. THE COURT HELD THAT BALDERAS' OBJECTION AT TRIAL WAS NOT SUFFICENT TO PRESERVE THE ISSUE ON APPEAL, AND IF IT WAS SUFFICIENT THAT THE ERROR WAS HARMLESS. THIS PETITION CHALLENGES THOSE HOLDINGS.

## STATEMENT OF PROCEDURAL HISTORY

ON MAY 14, 2015 THE COURT OF APPEALS AFFIRMED THE CONVICTION. PETITIONER MOVED THE COURT FOR AN EXTENSION OF TIME TO FILE HIS P. D. R.. PETITION FOR DISCRETIONARY REVIEW IS DUE ON OR BEFORE 14 AUGUST 2015

(2)

# GROUNDS FOR REVIEW

#1    WAS TRIAL COUNSEL'S "CRAWFORD" OBJECTION SPECIFIC ENOUGH TO PRESERVE ISSUE FOR APPELLATE REVIEW?

#2 DID THE VIOLATION OF BALDERAS' RIGHT TO CONFRONTATION CONTRIBUTE TO THE CONVICTION?

## #1 ARGUMENT AND AUTHORITIES
## RELEVANT FACTS

THE FIFTH DISTRICT COURT OF APPEALS CITES <u>CLARK V. STATE</u> 365 SW 3d 333, 339 (TEX CRIM. APP. 2012) IN IT'S HOLDING THAT THE PETITIONER DID NOT PROPERLY PRESERVE HIS "CRAWFORD" ISSUE FOR APPEAL. IN THIS CASE THE CORRECT GROUND WAS OBVIOUS TO JUDGE AND OPPOSING COUNSEL. NO WAIVER OF BALDERAS' RIGHT TO CONFRONTATION SHOULD RESULT

(3)

FROM A GENERAL OR IMPRECISE OBJECTION. THE PETITIONER IS NOT RAISING A CONSTITUTIONAL ISSUE ON APPEAL FROM A SIMPLE EVIDENTIARY TRIAL OBJECTION. COUNSEL CLEARLY STATED THAT BECAUSE THE STATE HAD ALREADY PRESENTED "OUTCRY" TESTIMONY WITHOUT MAKING THE VICTIM AVAILABLE FOR CROSS EXAMINATION HE FELT THERE WAS A "CRAWFORD" ISSUE. SO COUNSEL BOTH COMPLAINED ABOUT THE STATES FAILURE TO COMPLY WITH TEX. CODE. CRIM. PROC. ART. 38.072 AND THE 6TH AND 14TH AMENDMENT RIGHTS ATTACHED TO THE CRAWFORD V. WASHINGTON 541 U.S. 36 (2004) CASE. SEE: PAGE 9 OF PETITIONER'S APPELLATE BRIEF. MR. RICON SAYS:

"AND MY OBJECTION WOULD BE THAT ITS A VIOLATION OF CRAWFORD NOT TO PRODUCE - NOT TO HAVE ALLOWED MY CLIENT TO HAVE THE CONFRONTATION CLAUSE MET..."

(4)

# #2 Argument and Authorities
## Relevant Facts

The appeal court contends that even if the trial court erred by admitting the testimony of Guardiola, they cannot conclude that Balderas was harmed.

Guardiola, who was ERRONEOUSLY determined to be the statutory outcry witness, was the prosecution's chief witness. She was allowed to circumvent the hearsay evidence rule. The state did not follow C.C.P. 38.072 SEC. 2 (a)(2) or (6)(3). There was an error. The appropriate question to address when conducting a harmless-error analysis of a violation of a defendant's sixth amendment right of confrontation is: "What is the likelihood that the constitutional error was actually a contributing factor in the jury's deliberation?" The question is NOT whether the verdict was supported by the

(5)

EVIDENCE.

THE THRESHOLD QUESTION WHEN A CONFRONTATION OBJECTION IS RAISED IS WEATHER THE EVIDENCE IS TESTIMONIAL OR NONTESTIMONIAL. GUARDIOLA'S TESTIMONY CONSISTED OF STATE- MENTS MADE BY THE ALLEGED VICTIM DURING TWO FORENSIC INTERVIEWS. THE ALLEGED VICTIM DID NOT APPEAR AT TRIAL AND THE PETITIONER WAS NOT PROVIDED AN OPPORTUNITY TO CROSS - EXAM- INE THE WITNESS. BASED ON THE SUPREME COURT DECISION IN <u>CRAWFORD V. WASHINGTON</u> 124 S. CT. 1354 THE INSTANT CASE IS CLEARLY ONE THAT FITS THE CRITERIA. EVEN AFTER CONSIDERING THE UNCON TESTED DNA EVIDENCE THE COURT OF APPEALS CANNOT REASONABLY DETERMINE THAT GUARDIOLA'S TESTIMONY HAD NO IMPACT ON THE JURY'S DECISION. THE ERROR CANNOT BE JUSTIFIED AS HARMLESS. SEE <u>WELLS V. STATE</u> 241 SW 3d 172

THE IMPORTANCE OF GUARDIOLA'S TESTIMONY WAS CRUCIAL TO THE

(6)

THE STATE'S CASE. THE PARTICULAR EVENTS AND THE DETAILS CONTAINED IN GUARDIOLA'S TESTIMONY FAR OUTWEIGHED ANY OTHER REPORTS OF WHAT THE ALLEGED VICTIM HAD SAID ABOUT THE INCIDENT. THE OTHER EVIDENCE WAS QUITE "MILD" IN COMPARISON TO GUARDIOLA'S TESTIMONY AND CANNOT BE CALLED CUMMULATIVE.

## CONCLUSION

PETITIONER RESPECTFULLY SUBMITS THAT THE APPEAL'S COURT USED TOO NARROW A SCOPE IN DETERMINING IF TRIAL COUNSEL'S OBJECTION WAS SPECIFIC ENOUGH TO PRESERVE THE ERROR FOR REVIEW. ON THE HARMLESS ERROR ANALYSIS THEY OVER LOOKED THE FACT INADMISSABLE EVIDENCE INVOLVED IN THIS CLAIM WAS CERTAINLY PARTIALLY RESPONSIBLE FOR THE GUILTY VERDICT. THIS IS TRUE EVEN IN LIGHT OF OTHER EVIDENCE.

(7)

THE ERROR IS A CONFRONTA-
TION CLAUSE ISSUE. THIS IS
CONSTITUTIONAL IN NATURE AND
DOES NOT PASS THE HARMLESS
ERROR RULE SET FORTH IN
CHAPMAN V. CALIFORNIA 87 S.CT.
824. THE EVIDENCE CONTAINED
IN GUARDIOLA'S TESTIMONIAL
PRESENTATION WAS NOT LE-
GALLY ADMITTED. IT WAS
EXTREMELY PREJUDICIAL NOT
ONLY BECAUSE OF ITS CONTENT
BUT ALSO BECAUSE OF HER
CREDENTIALS.


## PRAYER

WHEREFORE, PREMISES CONSID-
ERED, PETITIONER PRAYS THAT
THIS COURT UPON REVIEW OF
THE OPINION OF THE 5TH DIST.
OF APPEALS IN THIS CASE WILL
REVERSE AND REMAND TO
APPELLATE COURT. PETITIONER
ASKS THAT THIS PETITION BE
REVIEWED PURSUANT TO TEX.
RULES. OF APP. PRO. RULE 66.3
OR AS DEEMED APPROPRIATE
TO RESOLVE THE ISSUES PRE
SENTED

(8)

## CERTIFICATE OF SERVICE

I ISREAL BALDERAS, DO CERTIFY THAT A TRUE AND CORRECT COPY OF THIS PETITION FOR DISCRETIONARY REVIEW WAS SERVED TO RESPONDENT BY U.S. MAIL POSTAGE PREPAID, ADDRESED TO:

STATE PROSECUTING ATTORNEY
P.O. BOX 13046
CAPITOL STATION
AUSTIN, TEXAS
                    78711

EXECUTED ON THIS 12TH DAY OF AUGUST 2015

X _____
ISREAL J. BALDERAS
3060 FM 3514
BEAUMONT, TEXAS
                    77705

(9)

AFFIRM; and Opinion Filed May 14, 2015.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00900-CR

**ISRAEL JOSE BALDERAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-1333607-T

# MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

A jury convicted Israel Jose Balderas of aggravated sexual assault of a child and assessed punishment of fifty years' imprisonment. Balderas asserts his right to confrontation was violated by the admission of the contents of a forensic interview of the child because the child did not testify at trial and was not found incompetent or unavailable, and he had no opportunity to cross-examine the child prior to the admission of the evidence. We affirm the trial court's judgment.

## Background

On October 24, 2012, Elizabeth Fonseca was caring for her three-month-old niece at the apartment Balderas shared with Fonseca's sister, Aleida Toscana, who also went by Layla. Balderas was the father of Fonseca's niece. Balderas also had another child, A.B., who had turned four years old on October 7, 2012. A.B.'s mother was Nancy Perez.

According to Fonseca, A.B. was in the bedroom with Balderas. When A.B. came out of the bedroom, she told Fonseca that Balderas had put his "wee wee" on her "cookie." Fonseca was shocked and immediately contacted Toscana. Toscana, who was at work, instructed Balderas to pick her up. Toscana took Balderas to his mother's house and then took A.B. to Perez's house. A.B. told both Toscana and Perez something "consistent" with what Toscana had learned from Fonseca.

Perez took A.B. to Children's Medical Center for evaluation. Dr. Matthew Cox, a pediatrician and the medical director of the Referral and Evaluation of At-Risk Children Program at the hospital, examined A.B. When Cox asked A.B. what happened, she responded, "I hurted," but did not describe what acts caused the pain. Perez told Cox that A.B. "told her stepmother that Daddy put his wee wee on her." A.B.'s examination was normal and did not show any injury to her genitals or signs of infection. Cox took buccal, anal, and vaginal swabs of A.B. A.B.'s medical records were admitted into evidence and indicated A.B. told both her "stepmother" and her mother that "Daddy put his weewee on her." The records also indicate Perez told hospital personnel that A.B. said her biological father "put his wee-wee in" me while they were "in the bed," and "I started crying."

Amy Smuts, a forensic analyst at the University of Texas Health Science Center for Human Identification, testified she analyzed the swabs obtained during A.B.'s examination as well as a buccal swab obtained from Balderas. There was DNA that contained sperm on the vaginal swabs taken during A.B.'s examination. Smuts separated the DNA into a sperm fraction and an epithelial fraction and obtained a DNA profile from the sperm fraction. Smuts compared this DNA profile to the DNA profile obtained from Balderas's buccal swab. According to Smuts, Balderas could not be excluded as the contributor of the sperm fraction obtained from

A.B.'s vaginal swabs and, statistically, one person in approximately 276.4 quadrillion Southwestern Hispanics would be expected to have that DNA profile.

Patricia Guardiola, the statutory outcry witness,[1] conducted a forensic interview of A.B. at the Dallas Children's Advocacy Center on October 26, 2012. A.B. told Guardiola that her "Daddy" put his wee wee on her body. A.B. did not have a word for the area of her body where this occurred, but she pointed at and grabbed her vagina. Guardiola also showed A.B. pictures of a boy and a girl. A.B. was able to identify certain body parts on the drawing of the girl, such as the eyes, hands, and feet. A.B. did not have a word for other body parts, such as the nipples and the vagina. Guardiola called A.B.'s attention to the vagina on the drawing and asked A.B. if something had happened to her there. A.B. responded that her "Daddy" put his wee wee there, she cried when it happened, and it hurt. Guardiola showed A.B. the picture of the boy and asked where the wee wee was on the drawing. A.B. pointed to the boy's penis.

Guardiola interviewed A.B. again on November 21, 2012, because the police had learned A.B. called more than one person "Daddy." Guardiola asked A.B. if she remembered what she said about "Daddy," and A.B. responded, "yes, Daddy touched my wee wee." Guardiola asked A.B. if "Daddy" had a different name, and A.B. responded "Daddy Israel." Guardiola asked A.B. if "Daddy Israel" was the person who put his wee wee on her body, and A.B. responded, "yes."

The jury found Balderas guilty of aggravated assault of a child. After the jury began deliberating in the punishment phase of the trial, the trial court stated that, prior to starting trial, there was a discussion in chambers "about the State proceeding without calling the complaining witness." Balderas's counsel had indicated he would object "to that," and the trial court had

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2 (West Supp. 2014). After a pre-trial hearing, Balderas's counsel agreed Guardiola was the proper statutory outcry witness.

—3—

assured counsel that he would have an opportunity to place the objection on the record.

Balderas's counsel then stated:

> I think it was that obviously the child had details that she told to the sister who then she later shared with a person we know as Layla and in the presence of my client. So there are other details about her demeanor, things that could have only been really directly adduced and presented to the jury if she were here to testify.
>
> And my objection would be that it's a violation of *Crawford* not to produce – not to have allowed my client to have the confrontation clause met by seeing his actual accuser in court. Even though other witnesses testified about the elements of the offense through outcry witnesses and such, there were times that she answered, "I don't know. I don't know," to questions adduced by the forensic interviewer supposedly in the presence of my client as well as that morning.
>
> So, you know, we in effect feel like my client was denied confrontation aspect.

The trial court then confirmed Balderas's counsel was aware that A.B. had been present in the building during trial.

### Analysis

In one issue, Balderas contends his right under the Sixth Amendment of the United States Constitution to confront the witnesses against him was violated when "evidence of the contents of a forensic interview" with A.B. was admitted into evidence when A.B. was not called to testify, was not found incompetent or unavailable to testify, and had not been cross-examined by the defense prior to the admission of the evidence.[2]

To preserve a complaint for appellate review, the record must show a specific and timely complaint was made in the trial court and the trial court ruled on the complaint. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also* TEX. R. APP. P. 33.1(a). In order to preserve error, the complaining party must have informed the trial court what was wanted, and why the party was entitled to it. *Clark*, 365 S.W.3d at 339. The specificity requirement is met if

---

[2] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. amend VI. The Confrontation Clause was made applicable to the States through the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 403, 406 (1965).

the complaint made at trial was clear enough so as to permit the trial judge to take corrective action when the complaint was made. *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; and (2) to give opposing counsel the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). A complaint is not preserved if the legal basis of the complaint on appeal varies from the complaint at trial. *Lovill*, 319 S.W.3d at 691–92.

Balderas complains on appeal that the admission of the contents of the forensic interview with A.B. violated his right to confrontation because A.B. did not testify and was not found to be incompetent or unavailable, and he did not have the opportunity to cross-examine her before the evidence was admitted. However, at trial, Balderas objected his right to confrontation was violated by the State's failure to call A.B. Balderas's counsel agreed Guardiola was the proper outcry witness and did not object to Guardiola testifying because A.B. had not testified or because, in the absence of A.B.'s testimony, Guardiola's testimony violated his right to confrontation. *See Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005) ( defendant waives his constitutional right to confront witnesses if he does not timely object to testimony on that ground); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd) (right to confrontation is forfeitable right and must be preserved by timely and specific objection at trial). Because Balderas's complaint at trial does not comport with his issue on appeal, he has failed to preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Clark*, 365 S.W.3d at 340 (appellant failed to preserve complaint for review when trial objection did not comport with issue raised on appeal).

Further, even if we construe Balderas's trial objection to encompass Guardiola's testimony about A.B.'s statements during the forensic interview and assume the trial court erred

by admitting that testimony, we cannot conclude Balderas was harmed. A violation of a defendant's right to confrontation is subject to a harmless error analysis. *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007). If the appellate record reveals constitutional error that is subject to harmless error review, we will reverse the trial court's judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a); *Rubio*, 241 S.W.3d at 3.

In conducting a rule 44.2(a) harm analysis, our primary question is whether there is a reasonable possibility or likelihood the error might have contributed to the conviction. *Rubio*, 241 S.W.3d at 3; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g). This requires us to assess the likelihood the error was a contributing factor in the jury's deliberations and decision. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010) (quoting *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007)). We do not focus on the propriety of the jury's verdict. *Id.* Nor does our analysis turn on whether the jury's verdict was supported by the evidence. *Id.* Instead, the question is whether the alleged constitutional error adversely affected the integrity of the process leading to the conviction. *Id.* Thus, evidence admitted in violation of the Confrontation Clause does not require reversal unless there is a reasonable possibility that, within the context of the entire trial, the perceived error "moved the jury from a state of non-persuasion to one of persuasion on a particular issue." *Id.*

In evaluating a claim that an out-of-court statement admitted at trial violated the defendant's right to confrontation, we may consider: (1) the statement's importance to the State's case; (2) whether the statement was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; (4) the overall strength of the State's case; (5) the source and nature of the error; (6) to what extent, if any, the statement was emphasized by the State; and (7) how much weight the jury may have

assigned the inadmissible statement compared to the balance of the evidence with respect to the element or defensive issue to which it is relevant. *Id.*

Here, the State's case against Balderas was strong and did not hinge on the evidence pertaining to Guardiola's forensic interview of A.B. Smuts testified sperm was found on the vaginal swabs taken by Cox during his examination of A.B. Smuts obtained a DNA profile from that sperm, compared it to a DNA profile obtained from Balderas's buccal swab, and determined that Balderas could not be excluded as the contributor of the DNA in the sperm. According to Smuts, only one person in 276.4 quadrillion Southwestern Hispanics is expected to have that DNA profile. Further, the contents of the forensic interview were cumulative of the same or similar evidence admitted elsewhere at trial without objection. *See Sanders v. State*, 422 S.W.3d 809, 817–18 (Tex. App.—Fort Worth 2014, pet. ref'd) (concluding any error in admission of statement in violation of defendant's right to confrontation was harmless in view of uncontroverted other, unobjected-to evidence that established same facts). Fonseca testified A.B. told her Balderas put his wee wee on her cookie. Toscana testified A.B. told her something that was consistent with what Fonseca had heard from A.B. Perez told Cox that A.B. had said her "Daddy" put his wee wee on her. A.B.'s medical records also indicated A.B. had said her "Daddy" put his wee wee in her while they were in the bed, that it hurt, and she cried. Finally, although the State mentioned Guardiola's testimony in closing argument, it emphasized the results of the DNA testing established that Balderas sexually assaulted A.B., arguing "[t]hat piece of evidence on top of everything else is impossible to get past, absolutely impossible." Assuming the admission of Guardiola's testimony about her forensic interview of A.B. violated Balderas's right to confront the witnesses against him, we conclude beyond a reasonable doubt that the error could not have contributed to Balderas's conviction or punishment. *See* TEX. R. APP. P. 44.2(a).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ISRAEL JOSE BALDERAS, Appellant

No. 05-14-00900-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F-1333607-T.
Opinion delivered by Justice Fillmore,
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of May, 2015.

ISRAEL BRANDEAUS 01932229
3060 FM 3514 (STILES)
BEAUMONT, TEXAS
77705

TEXAS Court of
Criminal Appeals
P.O. BOX 12248
AUSTIN, TEXAS
78711-

RECEIVED
IN SUPREME COURT OF TEXAS
AUG 1 8
BLAKE HAWTHORNE
BY