

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00228-CR

DAVID GARCIA REYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court No. F13-61746-J

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

David Garcia Reyes was convicted by a jury of sexual assault of a child and was sentenced to fifteen years' imprisonment. On appeal,[1] Reyes argues that the trial court violated his right to confront the witnesses against him by excluding evidence that the child was an illegal alien who had motive to fabricate claims of sexual abuse in order to better his (the child's) immigration status. He also argues that the trial court's judgment must be modified to reflect the correct name of the offense.

We find that Reyes forfeited his Confrontation Clause[2] claims, but that the trial court's judgment must be modified to reflect Reyes' conviction for sexual assault. We affirm the judgment, as modified.

## I.     Reyes Forfeited his Confrontation Clause Complaint

"A primary interest secured by the Confrontation Clause is the right of cross-examination"; it "will prevail if there is a conflict between it and the Rules of Evidence." *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). "[T]he Confrontation Clause occasionally may require the admissibility of evidence that the Rules of Evidence would exclude." *Id.* at 225.

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]The Sixth Amendment to the U.S. Constitution states,

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. CONST. amend. VI.

In his first point of error, Reyes argues that the trial court violated the Confrontation Clause by excluding evidence related to the child-victim's immigration status. Before addressing the merits of this issue, we must first determine whether Reyes preserved the complaint. To preserve error for appellate review, the record must show that the objection or argument made at trial "stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Because "[t]he point of error on appeal must comport with the objection made at trial," a party may forfeit constitutional errors by failing to properly raise them with the trial court. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Specifically, "the right of confrontation is a forfeitable right . . . and must be preserved by a timely and specific objection at trial." *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd); *see Clark*, 365 S.W.3d at 339 n.1.

During a pretrial conference, the State informed the trial court that the child was currently on the Deferred Action for Childhood Arrivals Program (DACA)[3] and had inquired about his eligibility for a U–Visa, the common name for "an immigrant permit for victims of violent crime." *Aguilar v. State*, No. 02-14-00119-CR, 2015 WL 1775634, at *1 (Tex. App.—Fort Worth Apr. 16, 2015, no pet.) (mem. op., not designated for publication). The State informed the trial court of its belief that the child was not a legal, permanent resident and asked for "a general motion in limine regarding immigration issues." In response to the motion, Reyes stated, "I think that . . . the

---

[3]The DACA "program permits teenagers and young adults, who were born outside the United States, but raised in this country, to apply for deferred action status and employment authorizations." *Texas v. United States*, No. B-14-254, 2015 WL 648579, at *2 (S.D. Tex. Feb. 16, 2015) (mem. op. and order granting preliminary injunction).

complainant's immigration status and the fact that he's requesting other . . . immigration status goes to motive." The trial court granted the State's motion in limine. Then, when Reyes proffered the evidence during trial, the State objected on the ground that the child's immigration status was not relevant to whether he fabricated claims against Reyes, and, alternatively, that the evidence was "highly prejudicial." Again, Reyes argued only that the evidence was probative on the issue of fabrication.

"When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error." *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). This same principle applies to proffers of evidence. *Id.* If the defendant, in proffering the evidence, "'did not clearly articulate' that the Confrontation Clause demanded admission of the evidence" and, instead, argued that the evidence should be admitted under the Texas Rules of Evidence, "the trial judge 'never had the opportunity to rule upon' this rationale.'" *Id.* (quoting *Clark v. State*, 881 S.W.2d 682, 694 (Tex. Crim. App. 1994)). In this circumstance, a defendant "'suffer[s] on appeal the consequences of his insufficiently specific offer.'" *Id.* (quoting *Jones v. State*, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992), *abrogated on other grounds by Maxwell v. State*, 48 S.W.3d 196 (Tex. 2001), *overruled by Irby v. State*, 327 S.W.3d 138 (Tex. 2010)).

After reviewing the appellate record, we conclude that Reyes failed to make the trial court aware that the Confrontation Clause demanded the admission of evidence relating to the child's immigration status. Therefore, Reyes forfeited his right to make this complaint on appeal. We overrule Reyes' first point of error.

**II.    The Trial Court's Judgment Should be Modified to Reflect the Correct Name of the Offense**

Next, Reyes argues that the trial court's judgment must be modified. Both the State's indictment and the jury charge demonstrate that Reyes was charged with one instance of sexual assault of a child. Although the trial court's judgment recites the correct statute of offense, it mislabeled the name of the offense as "sexual continuous assault of a child." *Compare* TEX. PENAL CODE ANN. § 22.011 (West 2011) *with* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014). Both parties agree that this label is incorrect and ask that we modify the judgment.

"We may modify the judgment when we have the necessary information to do so." *IslasMartinez v. State*, 452 S.W.3d 874, 881 (Tex. App.—Dallas 2014, pet. ref'd) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)). Here, we modify the judgment to reflect that the correct name of the offense is sexual assault of a child.

**III.    Conclusion**

We affirm the judgment, as modified.

Bailey C. Moseley
Justice

Date Submitted:      August 10, 2015
Date Decided:       September 2, 2015

Do Not Publish

5