**AFFIRM; and Opinion Filed February 17, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00225-CR
No. 05-16-00226-CR

**ENRIQUE DAVILA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-55409-W and F15-55410–W**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion by Justice Richter

In two indictments, appellant Enrique Davila was charged with aggravated robbery. TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant waived his right to a jury and entered an open plea of guilty to each charge. After hearing testimony, the trial court accepted appellant's pleas, found appellant guilty, and sentenced appellant to ten years' incarceration in each case. In this appeal, appellant contends his sentence was grossly disproportionate to the crime in violation of the United States and Texas Constitutions, and he argues that the trial court erred by admitting evidence in violation of the Confrontation Clause of the United States Constitution. We affirm the trial court's judgments.

---

[1] The Hon. Martin Richter, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

BACKGROUND

Appellant signed two judicial confessions stipulating that on June 16, 2015, he intentionally and knowingly, "while in the course of committing theft of property and with intent to obtain or maintain control of said property," placed two individuals "in fear of imminent bodily injury or death" and used and exhibited a firearm, a deadly weapon.

Appellant pleaded guilty to both offenses and waived a jury. The cases proceeded to trial. The trial court took judicial notice of appellant's judicial confessions. A police officer testified that appellant admitted in a video statement "that he did commit the robberies." Appellant also testified, admitting that he committed the offenses. The evidence showed that appellant stole a car and $15 cash at gunpoint from the first victim. Appellant then used the stolen car to drive to a second location, where he pointed a gun at the second victim and stole a cell phone. Appellant drove to his home in the stolen car, where he was arrested. The SIM card from the second victim's cell phone was found in appellant's pocket. The gun used in the robberies was found in appellant's driveway.

The trial court proceeded to render judgment and sentenced appellant to ten years' incarceration in each case. After the trial court rendered judgment, appellant filed his notice of appeal. As noted, he complains of constitutional violations arising from the length of his sentences and the erroneous admission of evidence at trial.

## APPLICABLE LAW AND STANDARDS OF REVIEW

An individual adjudged guilty of a first degree felony "shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years." TEX. PENAL CODE ANN. § 12.32(a) (West 2011) (first degree felony punishment). Aggravated robbery is a first degree felony. *Id.* § 29.03(b). If the punishment assessed is within the statutory range, it does not violate the federal and state

constitutional prohibitions against cruel and unusual punishment. *See* U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 13; *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd).

The Confrontation Clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 59 (2004), the Court held that the Confrontation Clause of the Sixth Amendment bars the admission of testimonial statements of a witness who does not appear at trial unless he is unavailable to testify and the defendant had a prior opportunity to cross-examine him. *Crawford* error is subject to a harm analysis under which we consider a number of non-exclusive factors, including (1) the importance of hearsay statements to the State's case, (2) whether the hearsay evidence was cumulative of other evidence, (3) the presence or absence of evidence corroborating or contradicting the hearsay evidence on material points, and (4) the overall strength of the State's case. *Woodall v. State*, 336 S.W.3d 634, 639 n.6 (Tex. Crim. App. 2011); *Davis v. State*, 203 S.W.3d 845, 850 (Tex. Crim. App. 2006).

Certain constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see also Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014) (discussing preservation requirements for three categories of defendants' rights). To preserve error for appellate review, the record must generally show the appellant made his complaint known to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). To preserve a complaint that the sentences were disproportionate to the crimes committed, a defendant must have specifically objected on that basis at the time the sentences were pronounced or in a post-

trial motion.  *Bell v. State*, 326 S.W.3d 716, 724 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Similarly, failure to object in a timely and specific manner forfeits complaints about the admissibility of evidence, even though the error may concern a constitutional right of the defendant.  *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd) (citing *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002)).  The right of confrontation is a forfeitable right and must be preserved by a timely and specific objection at trial.  *Id.*  An objection that the evidence is hearsay does not preserve an objection to admission of evidence in violation of the Confrontation Clause.  *Id.* (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)).

### ANALYSIS

#### A.      Length of sentences

Appellant did not complain the sentences were excessive or grossly disproportionate to the crimes, either at the time they were imposed or in a motion for new trial.  Accordingly, appellant has not preserved this complaint for appellate review.  *See Bell*, 326 S.W.3d at 724; *Castaneda*, 135 S.W.3d at 723.  Further, even if appellant had preserved his complaint, the sentences imposed are within the statutory range and therefore do not violate the federal and state constitutional prohibitions against cruel and unusual punishment.  *See Kirk*, 949 S.W.2d at 772.  We overrule appellant's first and second issues.

#### B.      Admission of evidence

Appellant's counsel objected to the testimony of police detective Laura Roach as follows:

Q.      And how did you come into contact with [appellant]?

A.      That night I was contacted by the patrol officers that there had been some robberies going on in the area, and they had come into contact with [appellant] and he was in a stolen vehicle and had been—he was a suspect in a carjacking that had occurred, and so they brought him up to my unit to speak with him.

Q. Okay. And because you were a detective, you gained a lot of information from the patrol officers?

A. Yes.

Q. Okay. And did you learn from those patrol officers—

[DEFENSE COUNSEL]: We'd object to hearsay.

THE COURT: Overruled.

Roach then testified about what she learned from the patrol officers who pursued and arrested appellant. She also testified about information she obtained from the complainants. Appellant made no further objections to Roach's testimony. On cross-examination by appellant's counsel, Roach testified that appellant admitted to the robberies in a video recorded statement at police headquarters. Later in the trial, appellant testified to many of the same material facts, including pointing a gun at the complainants and taking their property.

Appellant argues on appeal that "[t]he State failed to produce the complainants but still sought to elicit their testimony," and the facts of the underlying offenses, through Roach's testimony. He contends the admission of Roach's testimony therefore violated the Confrontation Clause. Appellant's objection to hearsay, however, did not preserve this complaint. *See Deener*, 214 S.W.3d at 527. In addition, appellant made only the single objection quoted above. To preserve error, he was required to object each time inadmissible evidence was offered. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (quoting *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)).

Further, even if error were preserved, we would conclude that any error in admission of the evidence was harmless beyond a reasonable doubt.[2] *See Davis*, 203 S.W.3d at 852.

---

[2] The State argues that because trial was to the bench, we may presume the trial court disregarded inadmissible evidence. But this presumption was rejected in *Gipson v. State*, 844 S.W.2d 738, 741 (Tex. Crim. App. 1992). Instead, if the record reveals constitutional error subject to a harmless error review, the rules of appellate procedure require a court of appeals to "determine[ ] beyond a reasonable doubt that the error did not contribute to the . . . punishment." TEX. R. APP. P. 44.2(a). For nonconstitutional error, we determine whether the defendant's substantial rights were affected. *See* TEX. R. APP. P. 44.2(b); *Thomas v. State*, No. PD-1086-15, 2016 WL 6609750, at *5–6 (Tex. Crim. App. Nov. 9, 2016).

Appellant argues that the type of testimony improperly admitted, including the use of a gun in the offenses, was highly inflammatory and should be exclusively reserved for an eyewitness. But in both his written judicial confession and his testimony at trial, appellant admitted committing the offenses using a firearm.[3] There were no conflicts in the evidence regarding the facts of the offenses. There were no conflicts in the evidence regarding appellant's identity as the perpetrator of the offenses. The trial court also had the opportunity to observe appellant's credibility when he testified about his reasons for committing the crime. The evidence supporting the State's case was strong and uncontroverted. *See id.*[4] We overrule appellant's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47

160225F.U05

---

[3] Both judicial confessions state that "the defendant used and exhibited a deadly weapon, to-wit: A FIREARM." At trial, appellant testified:

Q.　　　Mr. Davila, you on the date of this incident took a loaded gun and pointed it at a victim after you punched him and demanded his car; is that right?

A.　　　Yes, ma'am.

[4] We also conclude that *Russeau v. State*, 171 S.W.3d 871 (Tex. Crim. App. 2005), on which appellant relies for his argument, is distinguishable. The court in *Russeau* held that under *Crawford*, graphic and detailed jail incident reports and prison disciplinary records were testimonial in nature, and thus, were improperly admitted at the punishment phase of trial as business records because Russeau did not have the opportunity to confront the declarants. *Id.* at 880–81. *Russeau* was a capital case. *See generally id.* Here, Roach's testimony was to facts tending to support appellant's own previous confession to the robberies for which he had been charged, not evidence of appellant's background or character offered in the punishment phase of a death penalty case. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071 (West Supp. 2016) (procedure in capital case).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ENRIQUE DAVILA, Appellant

No. 05-16-00225-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-55409-W.
Opinion delivered by Justice Richter; Justices Lang-Miers and Myers participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of February, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ENRIQUE DAVILA, Appellant

No. 05-16-00226-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-55410-W.
Opinion delivered by Justice Richter; Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of February, 2017.