COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| DANNY SALCIDO, | § | No. 08-16-00284-CR |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | 120th District Court |
|  | § |  |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC # 20150D02954) |
|  | § |  |

## **O P I N I O N**

Appellant Danny Salcido appeals his conviction for the offense of misdemeanor assault-family violence.

## BACKGROUND

On May 27, 2015, Appellant's wife, Diana Salcido pulled into the emergency lane on Highway 54 with her three-month old baby in the back seat of the vehicle. She called 9-1-1, and advised the dispatcher that she had left her home after Appellant had hit and kicked her. Appellant was charged with intentionally, knowingly, or recklessly impeding Diana's normal breathing or circulation of the blood by applying pressure to her throat or neck or by blocking her nose or mouth. *See* TEX.PEN.CODE ANN. § 22.01(b)(2)(West Supp. 2017).

At trial, the State introduced in evidence an audio recording of Diana's 9-1-1 call, computer-aided dispatch records, the testimony of both the responding police officer, Richard Talamantes, and the arresting police officer, Hector Argumedo, Diana's medical records,

photographs of portions of Diana's body.   Diana did not testify at trial.

The jury found Appellant guilty of the lesser-included misdemeanor offense of assault-family violence.   Prior to trial, Appellant elected to have punishment assessed by the trial court, which imposed an agreed sentence of 365-days' confinement at the El Paso County Detention Facility.   In accordance with the agreement, sentence was suspended and Appellant was placed on community supervision for a period of two years.

## DISCUSSION

Appellant presents six issues for our consideration on appeal.   In Issues One, Two, and Three, Appellant complains that the trial court erred when it overruled his Sixth Amendment Confrontation Clause objections and admitted the victim's out-of-court statements in evidence. *See* U.S. CONST. amend. VI.   In Issues Four, Five, and Six, Appellant complains that he was denied the effective assistance of counsel when counsel failed to object the to admission of evidence.

## I.

### *Confrontation Clause*

### A. 9-1-1 Recording and Transcript

In Issue One, Appellant argues the trial court erred when it overruled his Confrontation Clause objection to the admission of the 9-1-1 recording and computer-aided dispatch document regarding the emergency call as evidence.   At the time the State offered the recording and transcript in evidence as State's Exhibits 1 and 1a, Appellant objected to the admission of the records based on improper foundation.   The trial court overruled the objection, admitted the records in evidence, and the State continued to elicit several pages worth of testimony from the

sponsoring witness. After the State published 9-1-1 recording to the jury, Appellant lodged a Confrontation Clause objection to the recording and declared, "[W]e didn't listen to the tape[.]" The trial court noted that defense counsel had not made a Confrontation Clause objection at the time the evidence was offered for admission and had only objected on the basis of improper foundation, and declared the records were already in evidence. It also noted that defense counsel had informed the trial court that he had listened to the recording a day earlier. The trial court listened to the recording outside the presence of the jury, and overruled Appellant's Confrontation Clause objection.

The State contends the trial court correctly overruled Appellant's Confrontation Clause objection as untimely. Although not presented to the trial court, on appeal Appellant counters that at the time the records were offered in evidence, the only proper objection to be made at trial was that of improper foundation, and that his Confrontation Clause objection was timely made after the records were published to the jury.

A defendant's right to confrontation under the Sixth Amendment is violated when a witness is permitted to relate out-of-court "testimonial" hearsay statements unless the declarant is unavailable, and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 1368, 158 L.Ed.2d 177 (2004); *Ricks v. State*, AP-77,040, 2017 WL 4401589, at *15 (Tex.Crim.App. Oct. 4, 2017), *cert. denied*, 138 S.Ct. 1553, 200 L.Ed.2d 751 (2018); *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex.Crim.App. 2008). Confrontation and compulsory process rights are subject to procedural default. *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988)("the decision whether to employ [the right to compulsory process] in a particular case rests solely with the defendant."); *Reyna v. State*,

3

168 S.W.3d 173, 179 (Tex.Crim.App. 2005)(holding that appellant forfeited appellate review of his Confrontation Clause claim by his failure to properly object at trial). Generally, to preserve error there must be a timely and specific objection to the complained-of evidence. *Davis v. State*, 313 S.W.3d 317, 347 (Tex.Crim.App. 2010). Specifically, to preserve a complaint for appellate review, the record must show that a defendant made a timely and specific objection to the trial court in compliance with the rules of evidence or the rules of appellate procedure, that the objection was sufficiently specific to make the trial court aware of the complaint unless the specific grounds were apparent from the context, and that the trial court ruled on the objection, either expressly or implicitly, or refused to rule and the complaining party objected. TEX.R.APP.P. 33.1(a)(1)(A), (a)(2)(A-B); *see Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). Confrontation Clause claims are subject to this preservation requirement. *Davis*, 313 S.W.3d at 347. Additionally, an objection stating one legal basis may not be used to support a different legal theory on appeal. *See e.g., Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004)(objection based on Fifth Amendment did not preserve state constitutional ground). A complaint is timely if it is made "as soon as the ground of objection becomes apparent." *Pena v. State*, 353 S.W.3d 797, 807 (Tex.Crim.App. 2011)(citation omitted).

The evidence at issue consists not only of the 9-1-1 recording but the computer-aided dispatch document related to the emergency dispatch call. Defense counsel did not object to the 9-1-1 recording and transcript on Confrontation Clause grounds until after the trial court had admitted them in evidence, after the sponsoring witness had continued her testimony under direct examination comprising several pages of the record, and after the jury had begun hearing the recording. When counsel did object on this basis, he initially informed the trial court that he had

4

listened to the 9-1-1 recording one day before the State offered and the trial court admitted the recording and the dispatch document in evidence. Defense counsel then advised the trial court that he did not listen to the recording. On this record and the evidence before us, we conclude Appellant's Confrontation Clause objection was untimely made, and has not been preserved for our consideration on appeal. Issue One is overruled.

## B. Out-of-Court Statements

In Issues Two and Three, Appellant contests the trial court's admission of Diana's out-of-court statements made to Officer Talamantes after he responded to her location on the highway and thereafter at the hospital, and urges that the admission of the testimony violated his Sixth Amendment right to confront witnesses. U.S. CONST. amend. VI. Appellant urges that Diana's statements to Talamantes were made after the assault had occurred, that is, there was no crime in progress, and her statements did not describe a crime in progress. He contends that the admission of Diana's statements to Officer Talamantes in evidence was the sole evidence that provided context for the photographs of Diana's injuries and an explanation regarding her injuries and who caused them.

The State asserts that Appellant failed to preserve each of his complaints about Officer Talamantes' testimony regarding Diana's out-of-court statements. We agree.

As we have noted, to preserve a complaint for appellate review, a defendant must make a timely and specific objection to the trial court. TEX.R.APP.P. 33.1(a); *Lovill v. State*, 319 S.W.3d at 691-92. In making the objection, terms of legal art are not required, but a litigant should at least "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position

5

to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992). An objection stating one legal basis cannot support a different legal theory on appeal. *See Heidelberg*, 144 S.W.3d at 537 (objection based on Fifth Amendment did not preserve state constitutional ground); *Goff v. State*, 931 S.W.2d 537, 551 (Tex.Crim.App. 1996)(variance in charge objection with contention on appeal waived error); *Bell v. State*, 938 S.W.2d 35, 54 (Tex.Crim.App. 1996), *cert. denied,* 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997)(objection at trial regarding illegal arrest did not preserve claim of illegal search and seizure on appeal). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex.Crim.App. 2009).

The Court of Criminal Appeals has held that Confrontation Clause complaints constitute a right that a litigant must affirmatively invoke. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004); *Wright v. State*, 28 S.W.3d 526, 536 (Tex.Crim.App. 2000); *Dewberry v. State*, 4 S.W.3d 735, 752 & n.16 (Tex.Crim.App. 1999); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App. 1990)("We hold that in failing to object at trial, appellant waived any claim that admission of the videotape violated his rights to confrontation and due process/due course of law."), *overruled on other grounds by, Karenev v. State*, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009). This Court and others have done the same. *See Ortiz v. State*, 08-15-00344-CR, 2017 WL 3667829, at *3-4 (Tex.App.--El Paso Aug. 25, 2017, pet. ref'd)(not designated for publication)(objections to exhibits on the bases of relevance, hearsay, and Code of Criminal Procedure, Article 37.07 did not preserve Confrontation Clause complaint); *Thomas v. State*, No.

08-14-00095-CR, 2015 WL 6699226, at *3 (Tex.App.--El Paso Nov. 3, 2015, pet. ref'd)(not designated for publication)(authentication, chain of custody, and Rule 702 objections did not preserve Confrontation Clause objection); *see also Deener v. State*, 214 S.W.3d 522, 527 (Tex.App.--Dallas 2006, pet. ref'd)("We conclude the right of confrontation is a forfeitable right--not a waivable-only right--and must be preserved by a timely and specific objection at trial."); *Robinson v. State*, 310 S.W.3d 574, 577-78 (Tex.App.--Fort Worth 2010, no pet.)(failure to object waived Confrontation Clause claim).

In this case, when the State asked Officer Talamantes to describe Diana's statements to him, defense counsel objected and stated, "I would say this is inadmissible hearsay. The testimony is that there is no ongoing emergency. So hearsay." Although Appellant agrees that a hearsay objection does not preserve for appellate purposes a Confrontation Clause argument, he contends that defense counsel's reference to "no ongoing emergency" sufficiently "tracks the language of the *Bryant* line of cases where the Court recognized the "ongoing emergency" exception to *Crawford*'s confrontation protections."

First, we have examined the record on appeal and find no discussion with the trial court regarding the "*Bryant* line of cases." *See Michigan v. Bryant*, 562 U.S. 344, 131 S.Ct. 1143, 1153, 179 L.Ed.2d 93 (2011). Second, nowhere in the record to we find any mention of the Sixth Amendment or the Confrontation Clause or any exception applicable to the holding in *Crawford*. Rather, the only objection Appellant voiced in the trial court regarding Officer Talamantes' testimony about Diana's out-of-court statements was that the complained-of testimony constituted hearsay.

Texas courts have held that hearsay objections are not synonymous with an objection

7

raising Sixth Amendment issues.  *Paredes*, 129 S.W.3d at 535; *Wright*, 28 S.W.3d at 536; *Ortiz*, 08-15-00344-CR, 2017 WL 3667829, at *3-4; *Rios v. State*, 263 S.W.3d 1, 6-7 (Tex.App.-- Houston [1st Dist.] 2005, pet. dism'd, untimely filed).   Because he failed to raise a Confrontation Clause objection to Officer Talamantes' testimony in the trial court, Appellant's   complaints on appeal are not preserved.   TEX.R.APP.P. 33.1.   Issues Two and Three are overruled.

## II.

### *Ineffective Assistance of Counsel*

In Issues Four, Five, and Six, Appellant contends trial counsel rendered ineffective assistance because he failed to object to the admission of the 9-1-1 call and the computer-aided dispatch document and Officer Talamantes' testimony regarding Diana's out-of-court statements, thereby waiving his right "to confront the State's non-testifying witness," Diana.

To prevail on a claim of ineffective assistance of counsel, an appellant must establish by a preponderance of the evidence that: (1) trial counsel's performance was deficient; and (2) that this deficient performance deprived appellant of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex.Crim.App. 2005).   Appellant must satisfy both *Strickland* components; the failure to satisfy either will defeat his ineffectiveness claim.  *Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010).

We presume that counsel's representation fell within the wide range of reasonable and professional assistance.  *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).   Thus, an ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim.  *Goodspeed v. State*, 187 S.W.3d

8

390, 392 (Tex.Crim.App. 2005), *quoting Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Usually, direct appeal is an inadequate vehicle for raising a claim of ineffective assistance of counsel because the record is generally undeveloped. *See Thompson*, 9 S.W.3d at 813. This is true regarding the deficient-performance prong of the inquiry, when the reasons for counsel's omission do not appear in the record. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex.Crim.App. 2012).

Ordinarily, trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective. *Id.* (citation omitted). If trial counsel is not provided that opportunity, then we should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593.

We do not know why defense counsel failed to raise a Confrontation Clause objection because the record is silent on the matter. Neither trial counsel nor the State have been provided an opportunity to respond to appellant's allegation. Consequently, on this record, Appellant has failed to show that defense counsel's performance was deficient. *See Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012). Issues Four, Five, and Six are overruled.

### CONCLUSION

The trial court's judgment is affirmed.

September 28, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)